**In re the Marriage of Frank STANGEL, Appellant,**

v.

**Virginia STANGEL, petitioner, Respondent.**

No. C2-84-87.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Frank Stangel, pro se.

Stevan S. Yasgur, Hoff & Allen, Eden Prairie, for respondent.

Considered and decided by PARKER, P.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

The father appeals the custody and visitation provisions of a dissolution decree. We affirm as modified.

## FACTS

Frank and Virginia Stangel were married in June 1980. They have one child, Frank Jr., born the same month. Their marriage was dissolved in December 1983. The dissolution decree gave the mother sole custody of Frank Jr. and gave her permission to move with the child to Louisiana. It provided for visitation by the father during summers and alternating major holidays. After entry of the decree, the court ordered supervised visitation, but the dissolution judgment was never formally amended to incorporate the order. The decree made the father responsible for some existing debts, but awarded no regular child support.

## ISSUE

Did the trial court abuse its discretion in awarding custody of the parties' child to the mother and in giving her permission to move with the child out of state?

## ANALYSIS

The trial court bifurcated the questions of custody and the move to Louisiana. It first determined who should have custody. Then it considered the proposed move, presuming, in keeping with *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983), that a request by the custodial parent to move the child to another state was in the best interests of the child.

■ The court should have treated the proposed move as simply another factor to balance in determining who should have custody under Minn.Stat. § 518.17 (1982). However, the court's application of the *Auge* presumption was not prejudicial in this case. The record clearly supports the trial court's decision to award the mother custody and to permit her to move with the child from the state.

■ A trial court has broad discretion in awarding child custody in dissolution proceedings. The court's decision will not be set aside unless it was arbitrary or a

clear abuse of discretion. *Kotila v. Kotila*, 351 N.W.2d 661, 662 (Minn.Ct.App.1984); *Peterson v. Peterson*, 308 Minn. 365, 368, 242 N.W.2d 103, 106 (1976). The overriding standard is the best interests of the child. *Weatherly v. Weatherly*, 330 N.W.2d 890 (Minn.1983).

Here the trial court gave the mother custody because, although both parents love and want the child, she is the more mature, stable and nurturant parent. Witnesses described the mother as a warm, sensitive, nurturing parent. Even friends who testified on behalf of the father described her as a good mother.

In Louisiana she will have the support of her family in raising Frank Jr. She plans to pursue an accounting degree from Louisiana State University in Shreveport, Louisiana, as a means of providing a better lifestyle for herself and her son. Her family, who reside in Shreveport, have offered her financial support and employment during her schooling.

The father could offer Frank Jr. a more affluent life style. However, the record raises questions about his fitness to be a custodial parent. He physically abused the mother during their marriage and has continued to threaten and harass her since their separation. In one instance he threw hot coffee at her and the child.

The head teacher at Frank Jr.'s nursery school described the father as a man with an explosive temper, defensive, and intent on blaming others for problems. A county custody evaluator noted that when Frank Jr. was ill his father was more concerned about who to blame than about comforting and caring for the child.

Dr. Jack Wallinga, a child psychiatrist, found the father to be significantly emotionally disturbed. He described the father as a paranoid person with considerable anger; a person with a distorted view of reality, unable to see or accept responsibility for his faults, likely to blame others for his problems. Wallinga concluded that the father is likely to act out his anger physically and poses a potential threat to his son. He recommended supervised visitation and treatment for the father.

Finally, acts by the father which came to light at a post-trial hearing call into question his judgment and emotional stability. The father admitted that "in desperation" he stole stationery from his attorney and forged his attorney's signature on documents submitted to the court and on a letter to the mother's former employer. The documents contained outrageous, unsubstantiated accusations about the mother's personal life.

In light of this record, the court clearly did not abuse its discretion in giving the mother custody. Nor did the court err in granting the mother permission to move to Louisiana with Frank Jr. It is in the child's best interests that he live with his mother in Louisiana. The fair and liberal visitation schedule devised by the trial court will allow the father ample opportunity to develop his relationship with his son. The reduction of the father's support obligations to a minimum will help him defray visitation transportation costs.

We view most seriously the father's belligerent attitude and irresponsible conduct in connection with his attempts to gain custody of his son. The order of supervised visitation was clearly within the court's discretion. The best interests of the minor child will be served by directing that father receive appropriate counseling to enable him to adopt a more responsible, realistic approach to his relationship with his son.

### DECISION

We affirm the trial court's decision giving the mother custody and permission to move from the state. We order the judgment be amended to reflect the trial court's order that visitation by the father be supervised strictly. In addition, we order the father to receive psychological counseling as a condition of continued visitation.

The father has bombarded this court with affidavits purporting to present "pertinent, new evidence." We have not considered these documents in making our de-

cision. We are bound by the trial court record. This evidence was not before the trial court. Furthermore, it was not timely filed.

Affirmed as modified.