In Re the Marriage of Barbara J.
STANGEL (Stier), petitioner,
Respondent,

v.

Frank J. STANGEL, Appellant.

No. CX–84–2041.

Court of Appeals of Minnesota.

May 7, 1985.

Thomas L. Johnson, Hennepin County Atty., Thomas L. Aarestad, Asst. Hennepin County Atty., Minneapolis, for respondent.

Frank J. Stangel, pro se.

Considered and decided by RANDALL, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant alleges the trial court erred in finding him in constructive civil contempt for failing to meet his obligation to support his two minor children, in entering judgment against him for the amount of the arrearages, and in increasing his support obligation for the youngest of the parties' children. We affirm in part, reverse in part, and remand for a determination of appellant's income and entry of an appropriate child support order.

## FACTS

Barbara Stangel Stier and Frank Stangel were divorced in 1975. Barbara was granted custody of the parties' three minor children, and Frank was ordered to pay child support of $150 per child per month. The total amount was to be reduced by $150 as each child attained the age of 18, became emancipated, entered the armed forces, married, or died. The oldest child turned 18 on February 29, 1982, and appellant reduced his child support payments by $150 per month. The second child turned 18 on November 15, 1984, and the youngest will turn 18 on November 6, 1987. The second child will not graduate from high school until June 1985.

In November 1983 appellant stopped making child support payments. None have been made since that time. Appellant has been largely self-employed as a businessman and an actor and model. He has admitted earning $4,695.00 during the months of January 1984 through August 1984. In addition, he received approximately $13,300 in financial assistance from friends and relatives, allegedly in the form of loans which must be repaid. He has listed his monthly living expenses as $1,490.71, which includes monthly housing expenses of $1,125.71. In the case of *Stangel v. Stangel,* 355 N.W.2d 489 (Minn. App.1984), which involved the custody of a child born of a later marriage, appellant represented to the trial court and to this court that he could offer that child an "affluent lifestyle."

Respondent is self-employed as a house cleaner. Her gross income is approximately $200 per week. As of May 23, 1984, respondent had additional income of $139.00 per month from food stamps plus a temporary separation payment from her second husband of $375.00. The separation payments expired in August 1984. Respondent's budget in May 1984 called for $1,821.00 per month in expenditures,

$775.00 of which was allocated either directly or indirectly for the support of the parties' children; her gross income that month was $1,380.00.

## ISSUES

I. Did the trial court err in finding appellant in constructive civil contempt?

II. Did the trial court err in refusing to excuse payment of the accrued arrearages?

III. Did the trial court err in ordering an increase in child support payments for the remaining minor child from $150 per month to $300 per month?

## ANALYSIS

### I. Contempt finding

■ A contempt order is a nonappealable order. *Becker v. Becker*, 300 Minn. 512, 513, 217 N.W.2d 849, 850 (1974); *see also Shepard v. Shepard*, 352 N.W.2d 42 (Minn.App.1984); *Tell v. Tell*, 359 N.W.2d 298 (Minn.App.1984). We therefore do not rule upon this issue.

### II. Arrearages

■ Appellant alleges that since November 1983 he has had insufficient income to allow him to pay child support, and that he therefore could not be found in contempt of court for failing to make payments. The record was, however, that he had some income from which support could have been paid. Despite familiarity with the legal system (as evidenced by his proceeding pro se with this appeal) he made no effort, either pro se or with counsel, to move the court for a reduction in payments. Until a modification of a decree requiring payment of child support is ordered by the court, the decree is entitled to enforcement as originally entered. *See Dent v. Casaga*, 296 Minn. 292, 296, 208 N.W.2d 734, 737 (1973); *Tell v. Tell*, 359 N.W.2d 298 (Minn.App.1984).

■ Appellant asserts that because his failure to pay child support after November of 1983 was not willful, the trial court should have exercised its discretion to excuse the arrearages which have accrued

since then. Minn.Stat. 518.64, subd. 2 (1982). From the record, we do not find appellant's failure to pay "not willful" as a matter of law, and thus the trial court was not clearly erroneous. Appellant had the income to provide himself with a reasonable manner of living, and chose not to allocate his resources to meet a modest child support obligation. The trial court has broad discretion to grant or deny a motion to forgive child support arrearages, and will not be reversed but for "an abuse of discretion in the sense that the order is arbitrary or unreasonable or without evidentiary support." *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895, (Minn.App.1984), *quoting Smith v. Smith*, 282 Minn. 190, 193, 163 N.W.2d 852, 856 (1968). The trial court did not err in refusing to excuse the arrearages which have accrued.

### III. Support modification

■ The trial court has the same broad discretion to modify child support as it does to grant or deny a motion to forgive child support arrearages. *Bledsoe*, 344 N.W.2d at 895. Here, however, the trial court's order increasing child support for the youngest child to $300 from $150 was based upon the trial court's finding that appellant's income included the amounts he received as loans from family and friends. Minn.Stat. § 518.54, subd. 6 (1984) defines income as "any form of *periodic* payment to an individual * * *." The loans appellant received were not periodic, were not "payments," and were not the type of income which could or should provide a dependable source of child support. In computing appellant's income for purposes of the application of the child support guidelines, therefore, the loans should not be considered. Since we find that such loans should not be considered "income" to appellant for purposes of applying the child support guidelines, we remand to the trial court so that the court may determine appellant's income from "earnings, income, and resources * * * including real and per-

sonal property." Minn.Stat. § 518.551, subd. 5 (1984).

## DECISION

The trial court's order finding appellant in contempt for failing to pay his child support obligation is not a final order and is therefore not appealable. The trial court did not err in refusing to forgive appellant's accrued arrearages. In setting child support under the guidelines, however, loans to appellant from family and friends should not be considered as income.

Affirmed in part, reversed in part, and remanded.