Bonnie E. (Schouviller)
WELDON, Respondent,

v.

Allan N. SCHOUVILLER, Appellant.

No. C3–85–402.

Court of Appeals of Minnesota.

June 11, 1985.

W.M. Gustafson, MacKenzie, Gustafson & Lucas, St. Peter, for respondent.

Ruth M. Harvey, Blethen, Gage, Krause, Blethen, Corcoran, Berkland & Peterson, Mankato, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Allan Schouviller appeals from an amended judgment that increases his support obligation for his 14-year-old daughter from $100 per month to $250 per month. We affirm in part and reverse in part.

## FACTS

The parties were divorced in December 1976. Their only child, Erica, was born in July 1971. The original judgment and decree awarded custody to the mother and obligated the father to maintain hospitalization insurance for Erica and pay $100 per month child support. 

Erica was born with a cleft palate, which required surgery and orthodontic work in 1983. Before this time the father had voluntarily paid unreimbursed medical expenses for the child; however, he refused to pay approximately $300 in unreimbursed medical expenses resulting from the sur-gery or any of the orthodontic expenses, which amount to $1,880.

Respondent moved to modify the child support provisions of the decree to require appellant to pay all unreimbursed medical, hospital and dental expenses. She also moved for the return of a cradle in the father's possession and attorney's fees. The father made a countermotion for an order enjoining the mother from charging any of the child's health care bills to his name. At the hearing the mother asked, in the alternative, for an increase in monthly child support payments to enable her to pay the medical and dental bills herself.

The trial court issued an order in April 1984 increasing the father's monthly child support obligation to $250, awarding the mother $150 in attorney's fees, and ordering the father to return the cradle to the mother. The court's memorandum says:

Although the court does not have any figures in regard to the net pay of respondent, it was testified that he grossed [$407] per week. If deductions are made pursuant to M.S.518.551, respondent's net pay would certainly be in excess of [$1,000] per month. Applying the [guidelines] would result in a support payment of [$250] per month. The Court is aware that increased child support in the form of payment of medical bills was requested, but the Court is of the opinion that increased support would be less confusing and would be easier to administer and would involve less contact and strife between the parties. In view of the additional needs of the child of the parties and the increased income of the respondent since the date of the divorce, a rather substantial increase is justified both on the basis of need and the basis of support guidelines.

## ISSUES

1. Did the trial court err in increasing the father's child support obligation to $250 per month?

2. Did the trial court err in ordering the father to return the cradle to the mother or in awarding the mother attorney's fees?

## DISCUSSION

### I

■ Appellant argues that the issue of monthly child support was not before the court because the mother's motion requested only that he be held responsible for unreimbursed medical and dental expenses. The motion was one for modification of support under Minn.Stat. § 518.64, subd. 2 (1984). As such, the custodial parent must show a substantial change of circumstances rendering the terms of the original decree unreasonable and unfair. *Hadrava v. Hadrava,* 357 N.W.2d 376 (Minn.Ct.App. 1984). Opposition to the motion would be the same whether the specific form of relief requested was a change in monthly support or payment of health-related expenses. Appellant argues that he could have "successfully defended" a motion to increase monthly support by providing payroll records to the court; however, he testified as to his income and general financial circumstances, and it is unlikely that payroll records would have provided any different information.

This court cannot conclude that he was prejudiced simply because the mother suggested, and the trial court adopted, an alternative form of relief. The trial court's reasons for ordering relief as it did were substantial, and the form of relief adopted was within the trial court's discretion.

■ Appellant also argues that respondent failed to show a substantial change of circumstances to justify the increase in child support. Since the divorce the father's income has increased at least $5,000 per year. The mother's fixed monthly expenses have increased to $750, not including her own medical or household expenses, clothing, or automobile maintenance, and her net monthly income is $740. The trial court's memo expressly states that an increase is justified both on the basis of the child's increased needs and the increased income of the father. *See* Minn. Stat. § 518.64, subd. 2. The trial court did not abuse its discretion in modifying the decree.

Appellant argues that the trial court erred in considering monthly social security payments of $900 received by his adopted children. The trial court's memo demonstrates that the support award was based solely on his income, not the social security payments. The record also shows that testimony about the social security payments was admitted only to rebut his testimony on direct examination that he had "additional responsibilities" because of his two adopted children.

■ Appellant argues that the court cannot order him to pay bills which have already been incurred because "retroactive" modifications are not permissible when the obligor has complied with previous orders. *See id.* This point is without merit; the trial court neither ordered him to pay the bills nor made his increased monthly obligation retroactive.

### II

■ Appellant argues that the trial court erred in ordering him to return a doll cradle to the mother. A relative of the father's made the cradle for Erica. At one point Erica went to live with her father, and when she returned to her mother's home she left numerous items with her father, including the cradle, toys, books, clothing, a dresser, a television, etc. He refused to return them to the mother. She subsequently brought a motion to compel the return of these items, most of which were simply the child's personal effects. The parties stipulated in March 1982 that he would return most of the items, but they agreed that he could keep the cradle. The trial court erred in failing to enforce the agreement.

Appellant's final argument is that the trial court erred in awarding the mother $150 in attorney's fees. The discretion to allow attorney's fees in dissolutions rests almost entirely with the trial court. *See Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn. Ct.App.1984). Appellant's brief is misleading when it says "[the mother] has repeatedly brought motions against Respondent [father] for relatively inconsequential

reasons and has muddied the waters at each turn with the minor issue of the cradle." The mother moved once for the return of Erica's personal effects, which the father had refused to return. She moved another time for child support arrearages, and she made the present motion for increased child support. Considering that the parties have been divorced for almost ten years, this record is relatively straightforward. The trial court did not abuse its discretion in awarding attorney's fees.

Respondent has moved for an award of $678.70 in attorney's fees on appeal under Minn.R.Civ.App.P. 138, which authorizes an award of damages if an appeal "appears to have been taken merely for delay." The record does not indicate that appellant brought this appeal for purposes of delay. However, Minn.Stat. § 518.14 authorizes attorney's fees in marital dissolutions at trial and on appeal. *See also Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977). The parties' relative financial resources are such that the mother is entitled to a reasonable amount of attorney's fees on appeal.

### DECISION

The trial court's order increasing child support and ordering the father to pay $150 in attorney's fees is affirmed. The trial court erred in ordering the father to return the doll cradle. Respondent's motion for $678.70 in attorney's fees on appeal is granted.

Affirmed in part and reversed in part.