**In re the Marriage of Daniel Eugene BAUMHAFER, Petitioner, Respondent,**

v.

**Lea Mae BAUMHAFER, Appellant.**

**No. CX–86–570.**

Court of Appeals of Minnesota.

Oct. 7, 1986.

---

John H. Martin, St. Paul, for respondent.

Laurie Paulsen Huusko, Messerli & Kramer, Minneapolis, for appellant.

Heard, considered, and decided by POPO-VICH, C.J., and WOZNIAK and RAN-DALL, JJ.

## OPINION

RANDALL, Judge.

The parties were divorced November 10, 1980. Respondent, David Baumhafer, was awarded custody of the parties' children. Child support was reserved at the time of the decree, but was set following respondent's motion on October 11, 1985. On February 18, 1986, respondent moved to find appellant in contempt for failure to pay child support. Appellant, Lea Baumhafer (now known as Lea Shea), countermoved for a reduction in support and forgiveness of arrearages. The court denied the countermotions but reduced child support. Lea Baumhafer Shea appeals. We affirm.

## FACTS

Respondent initially moved to set child support on August 29, 1985. The initial judgment and decree gave him custody of the parties' four minor children. Since the decree, both parties have remarried. At the time of the August 1985 hearing, respondent and his spouse were unemployed. They received a combined total of $1328 per month in unemployment compensation and respondent's spouse received $400 per month child support from an earlier marriage. Appellant and her spouse, who have no children, were both employed. Appellant netted $546 per month, and her spouse netted $1214.15. The trial judge ordered appellant to pay $146 per month child support, the guidelines amount.

Appellant became unemployed in November 1985. She stopped making support payments in December 1985. She notified respondent's attorney of her situation and claimed inability to pay. While unemployed, appellant received $391.30 per month unemployment compensation. Her spouse at that time netted $1161 per month.

Respondent brought a contempt motion on February 18, 1986, for non-payment of support. Appellant countermoved for forgiveness of arrearages and a reduction in support based on her decreased income and

her unemployment. The court found her failure to pay was willful and refused to forgive the arrearages. It reduced child support to "$100 per month or the guidelines amount established in Minn.Stat. § 518.551, subd. 5, whichever is greater."

At the time of the February 18, 1986, hearing, one of the parties' four children had become emancipated. Respondent and his spouse were employed and earned a combined monthly net income of $2191.50, exclusive of child support received by respondent's spouse. The court made findings on the parties' monthly expenses and the needs of the children.

## ISSUES

1. Where appellant's net income is under $400 per month, did the trial court properly set child support at "$100 per month, or the guidelines amount, whichever is greater?"

2. Did the trial court err by finding that appellant's failure to pay support was willful and by refusing to retroactively modify support?

3. Did the trial court properly order appellant to pay her own attorney's fees?

## ANALYSIS

### I.

*Child support level*

Appellant claims the trial court erred in setting child support at $100 or the guidelines amount, whichever is greater. Appellant's net income, derived exclusively from unemployment compensation, was $391.30 per month. She argues the court's order is an upward deviation from the guidelines, and that the court did not make required findings to support an upward deviation.

■ Minn.Stat. § 518.551, subd. 5 (1984), which contains the guidelines, provides no percentage figure for child support where the obligor earns less than $400 per month. For incomes below $400 per month, the statute states:

[O]rder based on the ability of the obligor to provide support at these income levels, or at higher levels, if the obligor has the earning ability.

*Id.* Since the guidelines do not provide a percentage figure at appellant's income level, we do not agree with appellant that the court ordered support was an "upward deviation."

■ The relevant section of 518.551, subd. 5 requires the trial court to consider the obligor's earning ability. Here, the trial court found that appellant had sufficient earning ability to pay support of $100 per month. The court properly considered the financial circumstances of appellant's spouse in its determination that appellant had the ability to pay support. *See* Minn. Stat. § 518.64, subd. 2 (1984) ("The court shall take into consideration * * * the financial circumstances of each party's spouse, if any.")[1] We hold the court acted within its discretion and the court's findings comply with the requirement of *Moylan v. Moylan*, 384 N.W.2d 859 (Minn. 1986).

## II.

*Arrearages, retroactive modification of child support*

The trial court found appellant willfully failed to pay child support. Based on this finding, it refused to retroactively modify child support. The court also refused to forgive arrearages. The trial court concluded:

The obligor's financial situation in February of 1986 is essentially the same as it was in August of 1985. The obligor's failure to pay the child support is willful and even though the obligor was laid off from her job, she did have the ability to pay the child support as ordered.

■ This conclusion of law is supported by the finding of fact that appellant and her spouse have a current net monthly income of $1474.04. To arrive at appellant's current net income, the court subtracted twenty percent for federal, state, and FICA taxes which reduced her unemployment compensation from a gross of $391.30, arriving at a net of $313.04. The court also found that because appellant and her husband had satisfied a federal tax lien in February of 1986, their expenses had decreased by $300 per month. The court noted that although both appellant's income and her spouse's income had decreased, the payoff of the federal tax lien balanced the decrease, leaving their net monthly income approximately as it had been in February 1985.

■ The court's finding that appellant's failure to pay child support was willful is supported by the evidence. Under Minn.Stat. § 518.64, subd. 2 (1984) the court's refusal to retroactively reduce child support is proper. The court acted within its discretion by refusing to forgive $438 in arrearages accumulated between December 1985 and February 1986. While we recognize the good faith effort, we do not find that appellant's January 1986 letter notifying respondent's attorney of her employment situation is sufficient, as a matter of law, for us to reverse the trial court's finding that her failure to pay was willful.

## III.

*Attorney's fees*

■ Appellant claims the trial court erred by requiring her to pay her own attorney's fees in defending against respondent's motion and bringing her countermotion. A court may order a party to pay attorney's fees of the other party if that party lacks financial resources to pay her own fees. Minn.Stat. § 518.14 (1984). The court here expressly found that appellant had the resources to pay her own attorney's fees. We will not disturb that finding on appeal. Minn.Stat. § 518.14 (1984) grants the court broad discretion in

1. We note this decision is limited to cases arising under Minn.Stat. § 518.64, subd. 2 (1984). Minn.Stat. § 518.64, subd. 2 (1986) effective August 1, 1986, which states, "On a motion for modification of support, the court shall take into consideration the needs of the children and *shall not consider* the financial circumstances of each party's spouse, if any."

awarding attorney's fees. *See Weldon v. Schouviller,* 369 N.W.2d 308, 311 (Minn.Ct. App.1985).

## DECISION

The trial court did not err by setting child support for three children at $100 per month where appellant's net income was just below $400 per month. The court did not err by refusing to retroactively modify child support or forgive arrearages. The court properly found appellant had the resources to pay her own attorney's fees.

Affirmed.