**In re the Marriage of Arthur C. NOVAK, Petitioner, Appellant,**

v.

**Judith J. NOVAK, Respondent.**

**No. C9–86–2083.**

Court of Appeals of Minnesota.

May 26, 1987.
Review Denied July 22, 1987.

Kim A. Pennington, Schroeder, Pennington & Lies, St. Cloud, for appellant.

Thomas A. Janson, Schmitt, Johnson, Marso & Janson, St. Cloud, for respondent.

Heard, considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY *, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order increasing child support paid to a public assistance recipient and awarding her attorney fees. Appellant claims the trial court abused its discretion and requests remand, arguing the court (1) made insufficient findings to directly apply the child support guidelines, (2) improperly ordered appellant to pay additional child support from periodic bonuses when received, (3) unnecessarily required cost-of-living adjustments, and (4) improperly awarded respondent attorney fees. Respondent also seeks remand because the court failed to order appellant to provide dependent health and dental insurance for the children. In addition, respondent seeks attorney fees on appeal. We affirm in part and remand.

## FACTS

Appellant Arthur Novak and respondent Judith Novak were divorced April 13, 1977. Pursuant to the dissolution judgment and decree, respondent was awarded custody of the parties' three minor sons: Mark, then age five; Paul, age three; and Michael, age one. Because respondent was receiving public assistance, appellant was required to pay the welfare provider $150 monthly child support.

At the time of dissolution, appellant was employed at a bank earning a gross annual income of $10,000. Respondent's Aid to Families with Dependent Children (AFDC) benefits totaled approximately $425, plus $120 in food stamps and medical assistance benefits.

In April 1986, respondent moved to increase appellant's child support obligation. Respondent also requested the court to provide cost-of-living adjustments, require health and dental insurance for the children and award her attorney fees for bringing the motion.

On August 4, 1986, a modification hearing was held at which both parties testified.

Appellant testified he now receives a gross annual salary of $28,860, resulting in $1800 net monthly income. In addition, he historically receives bonus payments in June and November. In 1985 he received $10,000 in bonuses, resulting in a $38,860 gross annual income for that year. With bonuses, in 1984 he received $37,412.50 and in 1983 he received $35,150. Appellant testified the bonuses are not guaranteed but depend upon job performance and bank profitability.

After the dissolution, appellant remarried and adopted his current wife's eight-year-old son. He submitted a current monthly budget of $3157, of which his current wife contributes one-third. The budget includes $150 support for the parties' sons, $500 toward the expenses of his adopted son, a $150 monthly payment for undeveloped land, and $400 for attorney fees. His financial needs allow him to make gifts to the parties' children for their recreation and education.

Respondent testified she is still receiving AFDC benefits totaling $621 per month. She also receives food stamps and medical assistance amounting to an additional $85, totaling $706. Respondent testified with an increase in child support she hoped to terminate her public assistance and go to work.

Respondent submitted a monthly budget of $1049.96, exclusive of attorney fees owing at the time of hearing. Respondent also testified her home is currently involved in foreclosure proceedings due to her inability to make timely payments. The boys, now ages 14, 12 and 10, incur expenses associated with attending school and participating in sports and other recreational activities.

Based on the testimony and evidence presented, the court found circumstances had substantially changed since the dissolution nine years earlier. The court specifically found appellant's income substantially increased since 1977 from a gross monthly income of $833.33 to his current net monthly income of $1800. The court also found

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

respondent's income increased, but not substantially, since the increase was based on additional AFDC benefits which were necessary to meet minimal needs.

The court further considered the needs of the children, respondent and appellant alone. The court found:

The substantial increase in the net monthly income of the [appellant] would in and of itself make the terms of the existing order unreasonable. However, the added factor of the substantially increased needs of the Respondent balanced against the nature of the increased needs of the [appellant] only further show the unreasonableness and unfairness of the original Decree.

\*     \*     \*     \*     \*     \*

The above Findings also factually address those factors set forth in Minnesota Statute 518.551, Subdivision (5)(2), and these Findings further warrant application of the Guidelines pursuant to Minnesota Statute 518.551.

The court set support according to the guidelines at 35% of appellant's net monthly income without bonuses. The court further required appellant to pay the same percentage of bonuses received as additional support. In addition, the court incorporated cost-of-living adjustments and amended the original decree as follows:

[Appellant] shall pay to Respondent the amount of $630.00 for the support of the minor children of the parties hereto, provided that in the event the Respondent is receiving AFDC payments this payment shall be payable directly to the county from which said payments are received. On or before the 15th day of April of each year, [Appellant] shall supply to Respondent the net amount of any bonuses received during the previous calendar year, including the calculations under Minnesota Statute 518.551 used to calculate the net income, and on May 1st of that year, the child support hereunder shall increase by an amount equal to this net income figure multiplied by the appropriate guideline percentage subject to the qualification that if [Appellant] demonstrates that the net income of his base

salary is less than $1,800.00 per month, the net income for purpose of calculating the increase shall only be the net income amount which exceeds $1,800.00. Also, attached hereto and incorporated herein are mandates cost-of-living and wage withholding provisions as referred by Minnesota Statutes.

The court also awarded respondent $500 for attorney fees but failed to require appellant to provide dependent health and dental insurance for the parties' children. The parties appeal from the order entered October 31, 1986. By order dated April 2, 1987, this court deferred respondent's motion for additional attorney fees until this appeal's consideration on the merits.

## ISSUES

1. Did the trial court abuse its discretion by increasing child support according to guidelines when support is paid to a public assistance recipient?

2. Did the trial court abuse its discretion in requiring additional child support to be paid from periodic bonus payments when received?

3. Did the trial court properly incorporate cost-of-living adjustments in the amended decree?

4. Did the trial court abuse its discretion in failing to order appellant to provide health and dental insurance for the parties' children?

5. Did the trial court abuse its discretion in awarding attorney fees?

## ANALYSIS

1. It is well established that the decision to modify a child support order lies in the broad and sound discretion of the trial court, and an appellate court will reverse for an abuse of discretion only where it finds a "clearly erroneous conclusion that is against logic and the facts on record."

*Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986) (quoting *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984)). A child support order may be modified if a party's

earnings or needs substantially increase or decrease so that the terms of the original decree become unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1986).

Once the trial court finds that modification is warranted, it must determine the level of support upon modification. The statutory child support guidelines apply in all child support cases, including modification. *Moylan,* 384 N.W.2d at 864. *Moylan* distinguishes between the role the guidelines play in nonpublic assistance cases as opposed to public assistance cases: *in public assistance cases the guidelines are "binding"* (Minn.Stat. § 518.551, subd. 5(e)), while in nonpublic assistance cases they are merely intended as "starting points." *Id.,* 384 N.W.2d at 863.

\* \* \* \* \* \*

If this is a public assistance case, findings are required only if the trial court deviates from the guidelines. Minn.Stat. §§ 518.17, subd. 5; 518.551, subd. 5(e). *Carver County Community Social Services v. Fritzke,* 392 N.W.2d 290, 293 (Minn.Ct.App.1986) (emphasis added).

■ The trial court in this case properly found appellant's income increase was substantial. *See Blomgren v. Blomgren,* 386 N.W.2d 378, 381 (Minn.Ct.App.1986) (income increase from $10,000 to $25,000 over ten-year period substantial). Appellant's income increase alone is sufficient to warrant support modification. *Vitalis v. Vitalis,* 363 N.W.2d 57, 59 (Minn.Ct.App. 1985).

■ Appellant concedes some support modification is warranted, but challenges the court's direct application of the guidelines. Appellant argues additional findings are required even though this is a public assistance case, because increased child support will likely render respondent ineligible for future public assistance. He also cites respondent's testimony her intention is to terminate her public assistance and become employed.

Appellant's argument is without merit. In *Fritzke,* our explanation of required findings speaks to circumstances in effect when modification is considered, not in the future. In this case, respondent was actually receiving public assistance. The court properly found the need for modification and was bound to establish child support according to the guidelines. The record supports the findings and shows no abuse of discretion.

■ 2. Minn.Stat. § 518.54 (1986) defines income as "any form of periodic payment to an individual \* \* \*." *Id.* subd. 6.

[C]hildren are entitled to benefit from the income of the non-custodial parent and to enjoy the standard of living that they would have had if the marriage had not been dissolved.

*Letourneau v. Letourneau,* 350 N.W.2d 476, 478 (Minn.Ct.App.1984).

Appellant claims the trial court improperly required him to pay child support from his periodic bonus payments when received. By definition, his bonuses are forms of periodic payment and therefore income. Appellant relies, however, on *Haasken v. Haasken,* 396 N.W.2d 253 (Minn.Ct.App. 1986), where this court upheld a trial court's determination periodic annual bonuses ranging from 0–$9000 did not constitute income when establishing the level of child support. *Id.* at 261; *see also Stangel v. Stangel,* 366 N.W.2d 747, 749 (Minn.Ct. App.1985) (loans from family and friends not dependable source of income).

In this case, the trial court did not consider appellant's bonuses when establishing the level of support. Instead, the court set support based on appellant's $1800 net monthly income and separately required him to pay 35% on bonuses if and when received. In addition, should appellant's net monthly income drop below $1800, he is required to pay child support on the total of his base salary plus bonuses which exceed $1800 per month. By carefully drafting the order in this manner, we conclude the court acted within its discretion in including bonuses as income and allowing his children to share in his additional income.

■ 3. Minn.Stat. § 518.641, subd. 1 (1986) provides:

An order for child support *shall* provide for a biennial adjustment in the

amount to be paid based on a change in the cost-of-living.

*Id.* (emphasis added). Appellant argues since he does not receive regular cost-of-living adjustments and because the court ordered child support paid on bonuses, the trial court improperly required him to pay cost-of-living adjustments.

The statute, however, specifically requires cost-of-living language be included in child support orders. When appellant receives notice of an adjustment, he will have the opportunity to challenge the adjustment as inappropriate. *Id.* subds. 2, 3. The trial court properly incorporated cost-of-living adjustments in the amended support order.

■ 4. Minn.Stat. § 518.171, subd. 1 (1986) provides:

Unless the obligee has group dependent health insurance coverage available at a more reasonable cost, the court shall order the obligor to name the minor child as beneficiary on any health and dental insurance plan that is available to the obligor on a group basis or through an employer or union.

If the court finds that dependent health or dental insurance is not available to the obligor on a group basis or through an employer or union, or that the group insurer is not accessible to the obligee, the court may require the obligor to obtain dependent health or dental insurance, or to be liable for reasonable and necessary medical or dental expenses of the child.

*Id.*

Although requested at the modification hearing, the trial court failed to make any findings or corresponding order regarding the children's health and dental coverage. Accordingly, we remand for this statutorily required determination.

■ 5. "The allowance of attorneys fees rests almost entirely in the discretion of the trial court." *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977). Appellant argues the trial court abused its discretion by awarding respondent $500 for attorney fees. Recognizing the trial court's broad discretion, we find no abuse here.

■ 6. Respondent has moved for $1449 attorney fees plus $48.44 in costs incurred on appeal based on Minn.R.Civ. App.P. 138, which authorizes a damage award if an appeal "appears to have been taken merely for delay." *Id.* In addition, respondent bases her motion on Minn.Stat. § 518.14 (1986), which authorizes attorney fees and costs in marital dissolutions at trial and on appeal.

■ The record does not indicate appellant brought this appeal merely for delay. However, given the disparity in the parties' relative financial resources, respondent is entitled to reasonable attorney fees on appeal. *See Weldon v. Schouviller*, 369 N.W.2d 308, 311 (Minn.Ct.App.1985). Regarding her costs requested on appeal, respondent is the prevailing party entitled to statutory costs and disbursements, but must file the appropriate taxation of costs and disbursements within 15 days after this decision is filed pursuant to Minn.R. Civ.App.P. 139.03.

## DECISION

The trial court did not abuse its discretion in finding a need for modification, and since this is a public assistance case, the court properly set support according to the guidelines. Because the court did not include appellant's bonuses in establishing monthly support but separately required a support percentage obligation payable from bonuses actually received, the trial court did not abuse its discretion. The trial court properly required cost-of-living adjustments, but improperly failed to make any findings or corresponding order regarding the children's health and dental coverage. Accordingly, we remand for this determination only. The court acted within its discretion in awarding respondent attorney fees and based on the disparity of the parties' income, respondent's motion for $1449 in attorney fees on appeal is granted.

Affirmed in part and remanded.