**In re the Marriage of Gregg C. MILLER, Petitioner, Appellant,**

v.

**Hedwig MILLER, Respondent.**

**No. C7–87–486.**

Court of Appeals of Minnesota.

July 28, 1987.

Jack S. Jaycox, Paul M. Gabbert, Jack S. Jaycox Law Offices, Bloomington, for appellant.

John L. Holahan, Jr., David G. Kuduk, Frisbee, Holahan, Day & Patera, Edina, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and FORSBERG, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order denying a motion to terminate spousal maintenance and requiring payment of maintenance and child support arrearages. Appellant claims the trial court abused its discretion because the court (1) improperly failed to enforce the maintenance termination provision in the original decree; (2) extended maintenance beyond termination while inconsistently finding no substantial change in circumstances warranted modification, and (3) improperly refused to forgive arrearages. Respondent seeks attorney fees, costs and disbursements on appeal. We affirm in part and reverse in part.

## FACTS

Appellant Gregg Miller and respondent Hedwig Miller were divorced pursuant to a dissolution judgment and decree entered December 26, 1979. The decree awarded

respondent physical custody of the parties' two minor children, Britta, born November 5, 1969, and Kristina, born September 13, 1972. Appellant was ordered to pay child support in the amount of $100 per month per child. Appellant was also ordered to pay $500 per month for spousal maintenance. The decree specifically provided:

That the [appellant] shall pay to the respondent as and for maintenance the sum of $500.00 per month payable in equal installments of $250.00 on the first and fifteenth days of each month, commencing January 1, 1980, and *continuing until such time as respondent no longer has a minor child of the parties residing with her through the payment due September 1, 1990*, or until further order of the Court, whichever may occur first.

\*      \*      \*      \*      \*      \*

Remarriage of the respondent shall not constitute grounds for the termination, abatement or reduction of the maintenance to be paid herein.

(Emphasis added).

In March 1986, the parties' eldest daughter Britta moved into appellant's home. Appellant then filed a motion in late April requesting modification of the child support and maintenance provisions in the original decree. In bringing this motion, appellant acted pro se and filled out a motion form provided by the Hennepin County District Court. In his affidavit submitted with the motion, appellant also claimed that since the dissolution his income had decreased while respondent's income had increased.

By order dated June 20, 1986, a family court referee denied appellant's motion for reduced child support and maintenance and further required appellant to pay April and May arrearages plus respondent's attorney fees. The order was later amended on July 1, 1986 to correct typographical errors. Between the hearing and the June order, the parties' second daughter moved into appellant's home.

Appellant then retained counsel and brought a motion for district court review and modification of the referee's order.

The court issued an order August 21, 1986 which required the parties and children to participate in counseling to resolve the custody and visitation issues. The court vacated the referee's June 20 and July 1, 1986 orders and reinstated its previous 1984 orders which required counseling and maintained the original support and maintenance obligations. The court did not address the financial issues, but stated either party could "bring appropriate Motions before the Court subsequent to two months from the date of this Order for purposes of modifying the existing Orders." The court further required such motions "shall be heard before this presiding Judge who may give such financial relief to the parties as is indicated at the time of the next hearing."

In December 1986, the parties brought motions regarding custody, child support and spousal maintenance. Appellant requested the trial court amend the judgment and decree to grant him custody of both children, order respondent to pay child support and modify the existing support and maintenance orders to conform with the dates of March 8, 1986 and June 6, 1986, when the parties' two minor children elected to reside with appellant. He also asked the court to forgive any arrearages in support and maintenance. In respondent's modification motion, she requested the judgment and decree be amended to provide the parties joint legal and physical custody, terminate appellant's child support obligation on January 1, 1987, and continue appellant's spousal maintenance obligation. She also requested a judgment for arrearages.

In its order filed February 11, 1987, the court found:

On March 8, 1986 the oldest daughter, Britta, began living with Father on a permanent basis. On June 6, 1986, the youngest daughter, Kristina, also began living with Father on a permanent basis.

Since the parties agreed to the current custody arrangement, the court ordered respondent to pay $480 monthly child support according to the child support guidelines. The court found respondent has the ability to pay the support, specifically finding her

current monthly income is $1600, a $1000 per month increase since the original decree. The court found appellant's net monthly income totals $2300. The court also examined the parties' and children's reasonable monthly expenses, finding respondent's expenses are $2355.72, appellant's expenses are $1255.50, and the children's needs are $1263.50 ($2519 required for appellant and the children).

Regarding spousal maintenance, the court found:

> There is no change in circumstances which render the original spousal maintenance order of $500.00 a month unreasonable and unfair. Father's spousal maintenance obligation to Mother remains unchanged.

In an attached memorandum, the court further explained:

> Under the Judgment and Decree, Husband is to pay Wife $500.00 in maintenance on the first and fifteenth of each month through payment due in September 1, 1990. Husband argues that this Court should abate the award of maintenance as of January 1, 1987 citing the fact that the children now live with [him] [sic] and Wife's increased income as proof that there has been a substantial change in circumstances since the entry of the Judgment and Decree which render the terms of the original decree unreasonable and unfair. The Court disagrees. Although Wife's income has increased by a $1,000.00 since the entry of the Judgment and Decree, the increase in itself is not so material as to render the terms of the original decree unfair and unreasonable.

The court did not forgive the $6300 in arrearages, which accrued between April 1986 when appellant initially brought his motion and February 1987 when the court issued its final decision. The court explained:

> Arrears in child support are not to be forgiven unless there has been a change in custody ordered. *See Stangel v. Stangel,* 366 N.W.2d 747 (Minn.App. 1986). Father argues that the issue of custody was noticed on April 30, 1986

and that the arrears in both child support and maintenance be forgiven since that date. Father at the time of the original motion could have requested that the arrears be nunc pro tunc to the date of the motion and this issue could have been preserved. However, he cannot now argue that they should be abated since the date of the original motion.

As this Court has ruled that there has not been a change in circumstances requiring a modification of the spousal maintenance order, the spousal maintenance arrears will not be forgiven.

Appeal is from the order filed February 11, 1987.

## ISSUES

1. Did the trial court abuse its discretion in refusing to terminate spousal maintenance?

2. Did the trial court abuse its discretion in refusing to forgive arrearages?

## ANALYSIS

1. A trial court has broad discretion in determining matters relating to maintenance. An appellate court will not find an abuse of discretion unless the trial court's determination is based on a clearly erroneous conclusion that is against logic and the facts on record. *Sand v. Sand,* 379 N.W.2d 119, 120 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Jan. 31, 1986).

Appellant claims the trial court clearly erred by refusing to terminate maintenance and enforce the decree provision, which requires maintenance to continue

> until such time as *respondent no longer has a minor child of the parties residing with her* through the payment due September 1, 1990.

(Emphasis added). The court failed to acknowledge the leading requirement by interpreting the provision only to mean "Husband is to pay Wife $500.00 in maintenance on the first and fifteenth of each month *through payment due in September 1, 1990."* (Emphasis added).

Appellant further argues the court's interpretation is against logic and facts on record. Appellant claims the dissolution trial court intended maintenance to terminate when the parties' children no longer lived with respondent. He makes this claim because the court structured appellant's payments to respondent in the form of spousal maintenance rather than child support to maximize existing tax law benefits regarding the deductibility of maintenance by the obligor, as opposed to the nondeductibility of child support payments. Further, in setting child support at only $100 per child, the annual sum provided an additional tax benefit because that amount then entitled appellant to claim each child as a dependent. The record shows appellant's trial counsel suggested this payment structure in a letter argument submitted to the trial court following the dissolution trial.

There is no dispute that Mr. Miller's gross salary * * * gives him net income of approximately $1,500. He is suggesting, by our proposed Findings, that he pay Mrs. Miller $650 per month, substantially in excess of what would be required by the Hennepin County Guidelines. This is structured, as the Court will note, to take advantage of the deductibility of maintenance payments so as to maximize the income available to Mrs. Miller and the children.

Appellant further explains the significance of the September 1, 1990 termination date as marking the last payment due before the youngest child, born September 13, 1972, reached 18 years of age, which is when appellant's child support obligation would then have legally terminated. Appellant also explains the payment structure is further evidenced by the decree provision stating respondent's remarriage was not grounds for maintenance termination.

■ Reading the decree's maintenance and child support provisions in their entirety, we agree with appellant and conclude the trial court clearly erred by failing to acknowledge the express requirement maintenance terminates when the parties' minor children no longer live with respondent. Because the court specifically found both children were no longer living with respondent, but with appellant on a "permanent basis" on June 6, 1986, appellant's maintenance obligation terminated on that date.

■ 2. We also agree with appellant that by extending maintenance beyond the date it should have been terminated, the trial court modified the maintenance obligation. A party seeking modification must positively show one or more of the following:

(1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * * any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (1986).

Because the court erroneously failed to acknowledge the decree's express maintenance termination provision, the burden was improperly placed on appellant rather than respondent to show the need to extend maintenance beyond termination. The court did make specific findings regarding the parties' relative financial circumstances, including respondent's net monthly income increase to $1600 currently and her ability to pay child support. Based on further findings regarding appellant's net monthly income, which decreased to $2300 currently, and the parties reasonable expenses, the court ultimately found no substantial change in the parties' earnings or needs warrants modification. These findings indicate respondent would not have met her burden of proof, even if properly placed. Therefore, the court's extension of maintenance beyond termination provided in the decree is not supported by requisite findings and constitutes an abuse of discretion. *See Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn.1980) (specific findings supporting maintenance modification required).

■ 3. Because appellant's maintenance obligation terminated June 6, 1986, we hold appellant is not responsible for $3250 in maintenance arrearages accruing since that date. Prior to June 6, 1986, however, appellant owed $1500 in arrearages which included $1250 for maintenance

and $250 for child support accruing in April, May and early June while one child was residing with respondent. We will not disturb this portion of unforgiven arrearages. What remains at issue is $1550 in child support arrearages which includes $250 accruing prior to June 6, 1986 when one child was living with appellant and $1300 accruing thereafter when both children were living with appellant.

■ The trial court has broad discretion to grant or deny motions to forgive child support arrearages. *Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984). The moving party must show "(1) substantial change in circumstances, and (2) that none of his past failures to pay were willful." *Id.*

Appellant specifically argues the change in custody constitutes substantial change. By the trial court's own findings, the change was substantial enough to award appellant physical custody of both children and require respondent to pay child support. In addition, he argues his nonpayment was not willful. The trial court specifically found his net monthly income totals $2300, and expenses for himself and the children total $2519. These findings demonstrate his inability to pay respondent additional child support when his current monthly income is already expended directly for the children's support.

■ We conclude appellant has made the requisite showing entitling him to forgiveness of child support arrearages. The trial court did not specifically address the factors regarding forgiveness of arrearages but instead inappropriately relied on *Stangel v. Stangel,* 366 N.W.2d 747 (Minn. Ct.App.1985). In *Stangel,* custody of the parties' minor children remained unchanged with their custodial parent and appellant obligor alleged insufficient income to pay support. The record revealed appellant had some income to make support payments and further made no efforts, either pro se or with counsel, to move the court for a reduction in payments.

■ This case is distinguishable from *Stangel* since appellant has shown inability to pay additional support and properly brought a motion to reduce payments. Similarly, in analyzing appellant's April 1986 pro se motion, the court inappropriately relied on appellant's failure to request the arrears be nunc pro tunc to the date of his motion when the motion form did not specifically provide for such a request. The trial court therefore erred in refusing to forgive $1550 in child support arrearages.

■ 4. Respondent requests attorney fees on appeal pursuant to Minn.Stat. § 518.14 (1986). This court has granted attorney fees on appeal based on disparity in the parties' relative financial resources. *See Weldon v. Schouviller,* 369 N.W.2d 308, 311 (Minn.Ct.App.1985). No such disparity exists in this case given the trial court's finding respondent's net monthly income is $1600 and appellant's net monthly income is $2300. The court further found respondent's income had increased while appellant's income had decreased. Respondent is not entitled to attorney fees pursuant to section 518.14. In addition, respondent is not entitled to her costs and disbursements pursuant to Minn.R.Civ. App.P. 139.03 because she is not the prevailing party. *See Servin v. Servin,* 345 N.W.2d 754, 759 (Minn.1984) (respondent prevails if she secures affirmance without modification).

## DECISION

The trial court erred by failing to terminate maintenance according to the decree and improperly requiring appellant to pay $3250 in maintenance arrearages beyond termination. The trial court improperly refused to forgive $1550 in child support arrearages, but properly refused to forgive $1500 in maintenance and child support arrearages accruing when one child resided with respondent. Respondent's request for attorney fees on appeal is denied.

Affirmed in part and reversed in part.