**In re the Marriage of Robin DESROSIER, Petitioner, Appellant,**

v.

**Allan DESROSIER, Respondent.**

No. C5–95–2640.

Court of Appeals of Minnesota.

July 16, 1996.

Delray L. Sparby, Ihle & Sparby, P.A., Thief River Falls, for Appellant.

Michael L. Jorgenson, Charlson, Marben & Jorgenson, P.A., Thief River Falls, for Respondent.

Considered and decided by LANSING, P.J., and SCHUMACHER and DAVIES, JJ.

## OPINION

DAVIES, Judge.

In this marital dissolution action, appellant-mother, who has custody of the couple's two children, challenges (1) exclusion of respondent-father's annual bonuses in computing child support and (2) use of the parties' date of separation as the valuation date for marital assets. We affirm the valuation date, but reverse the bonus exclusion, and remand.

## FACTS

Appellant Robin Desrosier (mother) and respondent Allan Desrosier (father) were married in September 1990. They have two minor children: T.A. and K.M. Each March during the marriage, father received a profit-sharing bonus as part of his employment compensation for the previous calendar year. Although the bonus is not guaranteed, between 1991 and 1995 it ranged from roughly $7,000 to $17,000.

The parties separated in August 1994 and mother petitioned for dissolution that November. The parties agreed to bifurcate the proceedings and the district court, in a series of orders filed in April 1995, dissolved the marriage, granted mother temporary custody of the children, and ordered father to pay temporary child support of $520 per month. The district court reserved the matters of permanent custody, support, maintenance, visitation, and property division for a later determination.

The reserved matters went to trial in June 1995. Mother, having been granted temporary physical custody of the minor children, asked the court to base child support on father's annual profit-sharing bonus as well as his regular earnings. Because there had been no prehearing settlement conference, she asked the court to set a valuation date of April 12, 1995 (the dissolution date), for valuing the couple's assets. Father argued, however, that August 14, 1994 (the separation date), was more equitable.

By a September 1995 judgment, the trial court found that father had a net monthly income of $1,734. It also found that the bonus payments father had received annually since 1991 were "expected" to continue. Nevertheless, the trial court based child support only on father's regular net monthly income, ordering him to pay $520 per month ($1,734 × 30%). In addition, the trial court found "that the date of the parties' separation will be the date for the valuation of the parties' assets." Using this valuation date, the trial court determined the value of the marital interest in father's 401K retirement account and Polaris Industry stock and awarded mother one-half of the computed value.

Mother moved for amended findings. She challenged the trial court's child support determination because it was based only on father's $1,734 net monthly income. In November 1995, the trial court denied this motion, stating:

> The Court finds that the bonuses received by [father] are not a guaranteed form of income and are not being considered by this Court as part of his income for child support purposes.

## ISSUES

I. Did the trial court abuse its discretion in determining the amount of child support by excluding from respondent-father's net income the annual bonuses he regularly received?

II.   Did the trial court abuse its discretion by using the parties' date of separation as the valuation date for marital assets?

## ANALYSIS

### I.

▮▮▮   The trial court has broad discretion in determining a support obligation; a reviewing court will affirm such a determination if it has "an acceptable and reasonable basis in fact." *Bliss v. Bliss*, 493 N.W.2d 583, 586 (Minn.App.1992), *review denied* (Minn. Feb. 12, 1993). The trial court's discretion must be examined in light of Minn. Stat. § 518.551, subd. 5 (Supp.1995), which enumerates the factors the court must consider. One of those factors is

> the standard of living the child would have enjoyed had the marriage not been dissolved, but recognizing that the parents now have separate households.

Minn.Stat. § 518.551, subd. 5(c)(3). As we have repeatedly emphasized, the legislature has determined that "children are entitled to benefit from the income of the non-custodial parent." *Letourneau v. Letourneau*, 350 N.W.2d 476, 478 (Minn.App.1984); *see also Martin v. Martin*, 401 N.W.2d 107, 110 (Minn.App.1987) (implementing this policy when a non-custodial parent's income substantially increased). For the purpose of determining child support, income is defined as "any form of periodic payment to an individual." Minn.Stat. § 518.54, subd. 6 (1994). By definition, "bonuses are forms of periodic payment and therefore income." *Novak v. Novak*, 406 N.W.2d 64, 68 (Minn.App.1987), *review denied* (Minn. July 22, 1987).

Applying the above principles, *Novak* affirmed a child support award requiring the non-custodial parent to pay as additional support 35 percent of bonuses if and when he received them. *Id.* at 68. These bonuses were not guaranteed, but depended on the obligor's job performance and his employer's profitability. *Id.* at 66. This court affirmed, saying:

> By carefully drafting the order in this manner, we conclude the court acted within its discretion in including bonuses as

income and allowing his children to share in his additional income.

*Id.* at 68.   *Novak* described, but did not follow, the reasoning of an earlier case affirming a trial court conclusion that an obligor's bonuses, which ranged from zero to $9,000, did not constitute a dependable source of income for purposes of establishing child support. *Id.* at 68 (noting appellant's reliance on *Haasken v. Haasken*, 396 N.W.2d 253 (Minn.App.1986)).

In *Haasken*, the trial court did not include the obligor's bonuses in setting the amount of child support because the bonuses were variable and were not a guaranteed source of income. 396 N.W.2d at 261. In affirming the trial court, we stated:

> To properly be included in a calculation of net monthly income the payments need to be "the type of income which could or should provide a dependable source of child support."

*Id.* (quoting *Stangel v. Stangel*, 366 N.W.2d 747, 749 (Minn.App.1985)). Unlike *Novak*, *Haasken* failed to discuss the legislative policy enunciated in *Letourneau*.

▮▮▮   As in *Novak*, we again decline to follow *Haasken*. We recognize that public policy favors setting child support at a specific amount. *Keil v. Keil*, 390 N.W.2d 36, 38 (Minn.App.1986). But we believe the public policy giving children the right to enjoy the benefit of their parents' increased income is paramount. In this case, father's annual bonus payments fit within the statutory definition of income. Although not guaranteed and uncertain as to amount, they have been a dependable form of periodic payment. Indeed, the trial court found that they were expected to continue. Furthermore, because such a high percentage of father's income is routinely derived from his annual bonus, his children are entitled to share in it when it is received. In light of the *Letourneau* principle—and the legislative policy it reflects—the child-support award in this case is unacceptable, and the trial court abused its discretion in making it. We, therefore, reverse and remand for reconsideration of child support in light of this opinion.

## II.

Mother contends the trial court improperly set August 14, 1994, the undisputed date of the parties' separation, as the valuation date for the couple's marital assets. She argues that the initial hearing on April 12, 1995, at which the dissolution was granted, is a more equitable valuation date because the court-chosen valuation date has deprived her of her rightful share of any assets acquired during the period from August 1994 to April 1995.

■ Because a trial court has broad discretion in dividing property, its decision will stand unless it has abused that discretion. *Rutten v. Rutten*, 347 N.W.2d 47, 50–51 (Minn.1984). The pertinent statute provides:

> The court shall value marital assets for purposes of division between the parties as of the day of the initially scheduled prehearing settlement conference, unless a different date is agreed upon by the parties, or unless the court makes specific findings that another date of valuation is fair and equitable.

Minn.Stat. § 518.58, subd. 1 (1994).

■ Because there was no prehearing settlement conference, the trial court exercised discretion and, after reading the parties' detailed arguments concerning the equities, adopted the date of separation as the valuation date. This substitution was fair and equitable and not an abuse of discretion (although it should have been supported by findings).

## DECISION

The trial court abused its discretion by not considering respondent-father's profit-sharing bonus payments when it set the amount of child support. In the absence of a statutory valuation date, it was not an abuse of discretion to use the date of separation as the date on which to value marital assets.

**Affirmed in part, reversed in part, and remanded.**