**In re the Marriage of John S. SVENNINGSEN, Petitioner, Appellant,**

v.

**Lacretia A. SVENNINGSEN, Respondent.**

**No. C3–01–1271.**

Court of Appeals of Minnesota.

March 26, 2002.

Gerald O. Williams, Jr., Hellmuth & Johnson, PLLC, Eden Prairie, for appellant.

Matthew L. Fling, Edina, for respondent.

Considered and decided by LANSING, Presiding Judge, KLAPHAKE, Judge, and HUSPENI, Judge.*

**OPINION**

KLAPHAKE, Judge.

John Svenningsen appeals from a district court order modifying his child support obligation. He challenges the court's interpretation of Minn.Stat. § 518.551, subd. 5(f) (2000). Because the district court properly interpreted the statute, but

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

miscalculated the amount of the child support obligation after 18 months, we affirm as modified.

## FACTS

Upon dissolution of their marriage in May 1999, the court awarded appellant and respondent Lacretia Svenningsen joint physical custody of their minor child. The dissolution allocated 65% of parenting time to respondent and 35% of parenting time to appellant. The court calculated child support obligations pursuant to the Hortis/Valento formula and ordered appellant to pay $178 per month in child support to respondent.

During the marriage, appellant studied to become a physician and incurred student loans totaling more than $130,000. The marital termination agreement provided that

> [t]he student loans incurred during [appellant's] medical school education are anticipated to be paid back in installments with interest, and [appellant] shall pay, indemnify and hold the [respondent] harmless from these debts; provided such payments will be considered for purposes of determining his support obligation, in any future proceedings in accordance with [Minn.Stat.] § 518.551, subd. 5(d-f)[.]

On July 1, 2001, appellant's salary increased from $34,284 to $116,160 per year, and he also began making payments on his student loans. The parties agree that appellant's child support obligation should increase and that a downward departure is warranted due to his significant student loans. They disagree, however, as to the duration of the downward departure. The district court concluded that under Minn. Stat. § 518.551, subd. 5(f) (2000), the departure is limited to 18 months.

## ISSUE

Did the district court err in its interpretation of Minn.Stat. § 518.551, subd. 5(f)?

## ANALYSIS

Modification of child support is within the district court's broad discretion and will not be reversed absent an abuse of that discretion. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). We review questions of statutory interpretation, however, de novo. *In re Senty–Haugen*, 583 N.W.2d 266, 268 (Minn.1998).

Appellant argues that the district court misinterpreted the guidelines provision that allows consideration of his private debts when establishing child support. The guidelines enumerate six factors that a court must take into consideration "in setting or modifying child support or in determining whether to deviate from the guidelines." Minn.Stat. § 518.551, subd. 5(c)(1)–(6) (2000). Among those six factors, the court must consider a parent's debts "as provided in paragraph (d)." Paragraph (d) allows consideration of debts owed to private creditors if, among other things, the district court determines that the debt "was reasonably incurred for necessary support of the child or parent or for the necessary generation of income." Minn.Stat. § 518.551, subd. 5(d)(2) (2000).

The district court properly found that appellant complied with all the provisions of subdivision 5(d), so as to allow consideration of his student loans. The court then determined that under Minn.Stat. § 518.551, subd. 5(f) (2000), it could not consider appellant's monthly student loan payments for longer than 18 months. The issue for this court is the interpretation of Minn.Stat. § 518.551, subd. 5(f), which states:

> Any further departure below the guidelines that is based on a consideration of debts owed to private creditors shall not

exceed 18 months in duration, after which the support shall increase automatically to the level ordered by the court. Nothing in this section shall be construed to prohibit one or more step increases in support to reflect debt retirement during the 18 month period.

Appellant argues that the phrase "further departure" implies that some other departure has already occurred. Appellant argues that because the only departure here is based on his student loan debts, subdivision 5(f) does not apply. We disagree.

In reading subdivision 5(f), it is unclear exactly what the phrase "further departure" references. The phrase was first added to the statute in 1984. 1984 Minn. Laws ch. 547, § 18. At that time, the statute included an additional sentence preceding the "further departure" phrase that stated: "The court shall order child support in accordance with the guidelines and any departure therefrom." *Id.* Thus, in 1984 the statute required that a court first order child support based on the guidelines and then consider any departure. Any "further departure" based on debts was to be limited to 18 months. In 1986, the legislature moved the sentence preceding the "further departure" phrase to subdivision 5(a). 1986 Minn. Laws ch. 406, § 4. We conclude that the legislature's actions have left the meaning of "further departure," which is currently in subdivision 5(f), unclear.

Case law has tended to ignore the term "further" when interpreting subdivision 5(f). In *Potocnik v. Potocnik,* 361 N.W.2d 414, 416–17 (Minn.App.1985), we addressed the consideration of educational loans when establishing child support payments and concluded that "[d]eparture based exclusively on consideration of private debts can be for a term of no more than eighteen months." In *Rouland v. Thorson,* 542 N.W.2d 681, 684 (Minn.App.1996), we con-

cluded that a court may "under certain circumstances consider debts owed to 'private creditors' and order a departure below the guidelines for a period not to exceed 18 months."

Commentators have discussed subdivision 5(f) in a similar vein:

A departure below the guidelines that is based on a consideration of debts owed to private creditors may not exceed eighteen months duration, after which the support will automatically increase to the level ordered by the court.

1 *Minnesota Family Law Practice Manual* § 7.07[C], at 7–43 (Cathy E. Gorlin ed., LexisNexis 3d ed.2001) (footnote omitted).

Thus, subdivision 5(f) has consistently been interpreted in cases and by legal commentators as allowing a departure for private debts only for a period of 18 months, even if that is the only basis for departure. This interpretation is consistent with public policy.

The legislature did not allow consideration of debts for child support purposes until 1984. *See* 1984 Minn. Laws ch. 547, § 18. Child support is intended, in part, to provide a child with a standard of living similar to what the child would have experienced had the parties remained married. *Desrosier v. Desrosier,* 551 N.W.2d 507, 509 (Minn.App.1996). Thus, children are entitled to benefit from increases in a parent's income, particularly as those increases benefit the parent's standard of living. *Id.*

Because the paramount concern of child support is the welfare of the child, it would be absurd to allow a departure for 10 years, until appellant has repaid his student loan debt. Depriving the child of the full benefit of appellant's increased income and standard of living for 10 years while he repays his long-term debt is not in the child's best interest. *Tammen v. Tam-*

*men,* 289 Minn. 28, 30, 182 N.W.2d 840, 842 (1970) (concluding that in matters of support, paramount concern is child's welfare). For all these reasons, we consider the word "further" superfluous and conclude that Minn.Stat. § 518.551, subd. 5(f) prohibits any departure below the guidelines based on a consideration of private debts to exceed 18 months.

Appellant further argues that the district court incorrectly calculated the amount of his child support obligation after 18 months, because it continued to deduct respondent's student loan payments when calculating her net income. The district court found that during the next 18 months, appellant's net monthly income with deductions, including his student loan payments, is $3,940.66, and that respondent's net income is $2,259, with deductions that include her student loan payments. Given the split of custody of 65% to respondent and 35% to appellant, the court calculated appellant's child support obligation at $640 and respondent's obligation at $198, resulting in appellant's net obligation totaling $442.

After 18 months, the court determined that appellant's obligation will automatically increase to $735, given his net income of $5,742, without consideration of his student loan payments. Appellant, however, correctly notes that this second calculation overlooked and continued to deduct respondent's $165 per month student loan payment. We therefore modify the order so as to set appellant's child support amount after 18 months at $721 per month.

## DECISION

We conclude, therefore, that the district court properly interpreted Minn.Stat. § 518.551, subd. 5(f) to allow consideration of the parties' student loan payments for 18 months, but miscalculated appellant's child support obligation after the 18 month period. We therefore affirm the district court's order as modified.

**Affirmed as modified.**