**In re the WELFARE OF B.K.P.,**
**a minor child.**

**Julie Neu, n/k/a Julie Glaraton,**
**petitioner, Appellant,**

v.

**Brian D. Pollard, Respondent.**

**No. CX–02–2119.**

Court of Appeals of Minnesota.

June 17, 2003.

John T. Lund, Schmidt & Lund, St. Cloud, MN, for appellant.

Andrew D. Hultgren, Neils, Franz & Chirhart, St. Cloud, MN, for respondent.

Considered and decided by STONEBURNER, Presiding Judge, TOUSSAINT, Chief Judge, and KLAPHAKE, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Julie Glaraton brought this motion for unsupervised parenting time with her daughter.[1] Respondent Brian Pollard, the child's father and custodial parent, opposed the motion. The district court determined that because the motion was brought less than three months after an amended judgment was entered that changed custody and parenting time, it

---

1. In 2000, legislation was passed replacing the term "visitation" with "parenting time" and allowing parties to create "parenting plans." 2000 Minn. Laws ch. 444, art. 1, §§ 1–8. Minnesota statutes now refer to parenting time, not visitation. Parenting plans must include a number of elements, one of which is a schedule of the time each parent spends with a child. Minn.Stat. § 518.1705 (2002).

was precluded by Minn.Stat. § 518.18(b) (2002) (precluding motion for modification of custody order or parenting plan that is filed within two years after disposition of prior modification motion).

Because appellant's motion requests a change in parenting time and because the time constraints of Minn.Stat. § 518.18(b) apply only to modifications of custody and certain aspects of parenting plans, the district court erred in dismissing the motion without considering the child's best interests under Minn.Stat. § 518.175, subd. 1(a) (2002). We therefore reverse and remand.

## FACTS

The parties are the parents of a daughter born in 1990. Appellant had physical custody of the child until January 2002, when custody was temporarily transferred to respondent.

In July 2002, the parties entered into a stipulation in which they agreed to transfer custody of the child to respondent and to establish a "parenting contact time" schedule for appellant. This stipulation was incorporated into an amended judgment entered by the court on July 18, 2002. The provisions setting out appellant's "parenting contact time" require that the child have no contact with appellant's husband, who is a registered level III sex offender, and that the child's contact with appellant is supervised by third parties.

On September 30, 2002, less than three months after entry of the amended judgment, appellant moved to change the "existing Parenting Time/visitation Order to allow **unsupervised parenting time.**" (Emphasis in original.) Appellant attached letters from a licensed psychologist who recommended that she be allowed unsupervised visitation with her daughter.

The district court denied appellant's motion, concluding that it was precluded by Minn.Stat. § 518.18(b) (2002), because it was brought within two years of the amended judgment. This appeal followed.

## ISSUE

Did the district court err in concluding that appellant's motion for unsupervised parenting time is precluded by Minn.Stat. § 518.18(b) (2002)?

## ANALYSIS

Statutory interpretation and application are legal questions reviewed by this court de novo. *Rutz v. Rutz,* 644 N.W.2d 489, 492 (Minn.App.2002). "When the language of a statute is plain and unambiguous, it * * * must be given effect." *Burkstrand v. Burkstrand,* 632 N.W.2d 206, 210 (Minn. 2001).

The district court determined that appellant's motion, which was brought less than three months after entry of the amended judgment, was precluded by Minn.Stat. § 518.18 (2002). This statute deals with modification of a "custody order or parenting plan" and provides in pertinent part:

(b) If a motion for modification [of a custody order or parenting plan] has been heard, whether or not it was granted, unless agreed to in writing by the parties no subsequent motion may be filed within two years after disposition of the prior motion on its merits, except in accordance with paragraph (c).

(c) The time limitations prescribed in paragraph[](b) shall not prohibit a motion to modify a custody order or parenting plan if the courts finds that there is persistent and willful denial or inter-

ference with parenting time, or has reason to believe that the child's present environment may endanger the child's physical or emotional health or impair the child's emotional development.

Minn.Stat. § 518.18.

Appellant argues that this statute does not apply to her current motion to change her parenting time from supervised to unsupervised. She is correct. Under its plain language, Minn.Stat. § 518.18 expressly governs modifications of a "custody order or parenting plan." Appellant's motion does not involve a custody order, which includes provisions regarding a child's legal custody, physical custody and residence, and support. Minn.Stat. § 518.17, subd. 3 (2002). Nor have appellant and respondent entered into a parenting plan, as defined in Minn.Stat. § 518.1705 (2002). Rather, appellant's motion seeks to remove restrictions that the parties agreed to place on appellant's parenting time. The district court therefore erred when it denied appellant's motion solely because it was brought within two years of the amended judgment. *See* 1 Minn. Family Law Pract. Manual § 6.07 (3d ed. LexisNexis 2003) ("Unless a motion is for a modification of a custody order, there is no time limit on when a motion for modification of parenting time can be brought.")

■ In reaching this decision, we note that parenting time, or visitation, is distinct from a parenting plan. The concept of "parenting time" is narrower than the concept of "parenting plan," and is governed by the best interests of the child. Minn.Stat. § 518.175, subd. 5 (2002). A parenting plan, on the other hand, may be entered "in lieu of an order for child custody and parenting time," and thus covers

much broader areas of custodial rights and duties. Minn.Stat. § 518.1705, subd. 3. In particular, a parenting plan includes a custody designation, as well as a schedule of time each parent spends with the child, a designation of decision-making responsibilities regarding the child, and a method of dispute resolution. Minn.Stat. § 518.1705, subds. 2, 4; *Rutz*, 644 N.W.2d at 492 (absent inclusion of dispute-resolution mechanism, dissolution judgment did not create parenting plan). Thus, the time limitations of Minn.Stat. § 518.18 do not apply to modifications of parenting time, even if the parenting time schedule was originally part of a broader parenting plan.

■ On remand, the district court must consider the child's best interests and must specifically consider the child's age and relationship with the noncustodial parent. *See* Minn.Stat. § 518.175, subds. 1(a), 5 (2002) ("If modification would serve the best interests of the child, the court shall modify the decision-making provisions of a parenting plan or an order granting or denying parenting time."). An evidentiary hearing is required when the modification is substantial, which appears to include the placement or removal of restrictions on parenting time. *See, e.g., Matson v. Matson*, 638 N.W.2d 462, 468 (Minn.App.2002); *Braith v. Fischer*, 632 N.W.2d 716, 721 (Minn.App.2001), *review denied* (Minn. Oct. 24, 2001); *Anderson v. Archer*, 510 N.W.2d 1, 4 (Minn.App.1993).

When a child's emotional or physical health is in danger, a court may place restrictions on parenting time. Minn.Stat. § 518.175, subd. 5; *Heinlein v. Heinlein*, 407 N.W.2d 138, 140 (Minn.App.1987); *see Simonson v. Simonson*, 292 N.W.2d 12, 13 (Minn.1980) (when parent is cohabiting with person who has record of criminal sexual conduct, supreme court reversed

custody award and ordered that any visitation must take place away from person with criminal record). Those restrictions may limit the time, place, duration, or supervision of parenting time, or may deny parenting time entirely. Minn.Stat. § 518.175, subd. 1(a).

## DECISION

We reverse the district court's order and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**