**In re the Marriage of Robert Roland
MATSON, Petitioner,
Respondent,**

v.

**Theresa Lynn MATSON, Appellant.**

No. C4–01–1067.

Court of Appeals of Minnesota.

Jan. 29, 2002.

Michael J. Mayer, Grannis & Hauge, P.A., Eagan, MN, (for respondent).

Theresa Matson, Big Lake, MN, (pro se appellant).

Considered and decided by HANSON, Presiding Judge, LANSING, Judge, and KALITOWSKI, Judge.

## OPINION

HANSON, Judge.

On appeal from the district court's modification of legal custody, parenting time, and child support, appellant-mother argues that the district court erred by (a) suspending her parenting time, claiming she should be granted compensatory parenting time as a remedy, (b) granting a motion to modify legal custody, brought less than two years after the previous custody order, without an evidentiary hearing or a finding that the existing custody arrangement endangered the children, (c) modifying the parenting-time schedule without an evidentiary hearing, (d) ordering mother to pay child support based on the modified parenting schedule, and (e) denying mother's recusal motion. We affirm in part, reverse and remand in part, and dismiss in part.

## FACTS

Appellant-mother Theresa Lynn Matson and respondent-father Robert Roland Matson dissolved their twelve-year marriage in 1998. They have three minor children. In the original stipulated dissolution decree, the parties shared joint legal and physical custody of the children, father was ordered to pay monthly child support of $834.80 and a custody schedule was adopted that essentially equalized each party's parenting time with the children.

In February 2000, in response to the father's motion to modify physical custody, the district court amended the decree based on the parties' stipulation. The amended decree continued joint-legal custody, granted father sole physical custody and adopted a parenting-time schedule that provided mother with a liberal amount of time with the children so long as she continued to live within the seven-county metropolitan area. The amended decree provided that if mother were to move outside the metropolitan area, her parenting time with the children would be changed to supervised parenting time restricted to the metropolitan area. The amended decree also appointed an expediter to mediate all parenting-time disputes. Because the parenting time remained essentially equal between the parties, the amended decree required each party to pay child support to the other of only one dollar per month.

After less than six months had passed from the entry of the amended decree, a series of events led to the modification order under review. First, in August 2000, father moved to modify legal custody, parenting time, and child support. Father asserted that mother had denied him

access to the children during her three-week summer period, was planning to move her residence without notice to father, and was believed to have moved her residence to Becker, Minnesota, outside the metropolitan area. He asked that the decree be amended to grant him sole legal custody, to reduce mother's parenting time and to require mother to pay child support based upon the revised parenting-time schedule.

Mother filed a responsive motion. In her supporting affidavit, mother acknowledged that she would be moving on September 1, 2000, to Big Lake, Minnesota, outside the metropolitan area. She asked that parenting time be modified to eliminate the requirement of supervised parenting time, eliminate parenting time during the week, and add parenting time during school holidays and the summer vacation.

Before ruling on those cross motions, the district court, on September 18, 2000, issued an order indefinitely suspending mother's parenting time due to her refusal to use the parenting-time expediter. Mother then moved to have the judge removed for bias. The judge declined and mother's motion was denied by the chief judge.

In January 2001, the district court heard arguments on the parties' cross-motions to modify custody and parenting time, but did not conduct an evidentiary hearing. By an order dated April 24, 2001, the district court modified legal custody to grant father sole legal custody, modified the parenting time schedule to reduce both mother's weekday and weekend parenting time, and ordered mother to pay father monthly child support of $380, based on her imputed income. This appeal followed.

## ISSUES

I. Did the district court abuse its discretion by temporarily suspending mother's parenting-time rights?

II. Did the district court abuse its discretion by modifying legal custody within two years after disposition of the previous motion to modify custody, and without an evidentiary hearing?

III. Did the district court abuse its discretion by modifying the parenting time schedule without an evidentiary hearing?

IV. Did the district court abuse its discretion by modifying child support, based upon the amended parenting-time schedule?

V. Did the district court abuse its discretion by denying the motion to remove the assigned judge?

## ANALYSIS

■ The district court has broad discretion in making child custody, parenting time, and child-support determinations and in deciding whether to grant recusal motions. *Gully v. Gully*, 599 N.W.2d 814, 820 (Minn.1999) (child support); *Olson v. Olson*, 534 N.W.2d 547, 550 (Minn.1995) (parenting time); *Durkin v. Hinich*, 442 N.W.2d 148, 151 (Minn.1989) (custody); *Carlson v. Carlson*, 390 N.W.2d 780, 785 (Minn.App.1986) (recusal motion), *review denied* (Minn. Aug. 20, 1986). In applying an abuse of discretion standard of review in this case, we are mindful of the challenges imposed on the district court by a pro se litigant and an acrimonious dissolution proceeding. While we reverse in part on specific procedural issues, we offer no opinion on the ultimate disposition of the remanded issues.

I

■ The district court temporarily suspended mother's parenting time as a sanc-

tion to prompt her to contact the parenting-time expediter. The court continued the modification motion for one month. It did not schedule nor did it hold an evidentiary hearing. Mother argues that the district court abused its discretion by suspending her parenting time and that, as a remedy, she should receive compensatory parenting time.

■ The district court may not restrict parenting time unless it first schedules an evidentiary hearing for the "earliest possible time," and then finds that

> (1) parenting time is likely to endanger the child's physical or emotional health or impair the child's emotional development; or (2) the noncustodial parent has chronically and unreasonably failed to comply with court-ordered parenting time.

Minn.Stat. § 518.175, subd. 5 (2000). *See Courey v. Courey*, 524 N.W.2d 469, 472 (Minn.App.1994) (holding an order restricting parenting time will not be upheld where no evidentiary hearing was conducted). The district court does have authority to provide certain remedies for interference with court-ordered parenting time, but the suspension of parenting time is not specifically listed as one of those remedies. Minn.Stat. § 518.175, subd. 6 (2000).

■ Absent extreme circumstances, we caution the district court against using suspension of parenting time as a sanction for non-compliance with a parenting-time order. But we need not address whether the district court erred here because mother's parenting time was later reinstated and the September 2000 order has become moot. Further, even if the district court had erred, compensatory parenting time is available as a remedy only where the *custodial party* interferes with court ordered parenting time. *See* Minn.Stat. § 518.175, subd. 6(a), (b) (stating that compensatory parenting time may be a remedy for denial

of or interference with *court-ordered* parenting time). Therefore, we dismiss this issue as moot. *See In re Paternity of B.J.H.*, 573 N.W.2d 99, 105 (Minn.App. 1998) (citing *In re Inspection of Minn. Auto Specialties, Inc.*, 346 N.W.2d 657, 658 (Minn.1984)) (for the proposition that an appeal of an issue will be dismissed as moot if the harm has been alleviated or it is impossible to award relief).

## II

The district court granted father sole legal custody after it considered the guardian ad litem's report and found that the parties were unable to cooperate in the children's rearing, that mother was unwilling to use the expediter to resolve disputes, that it would not be detrimental for father to have sole legal custody, and that it would be in the children's best interests to modify legal custody. Mother argues that the court erred by not holding an evidentiary hearing and by not making findings of endangerment.

### Time Restrictions on Motions to Modify Custody

Generally, motions for custody modifications are not allowed less than two years after the most recent custody-modification motion disposed of on its merits. Minn. Stat. § 518.18(b) (2000). These limitations do not preclude modification if either (1) the parties agree in writing to a motion to modify parenting time or (2) the court finds that the child is endangered or that there is persistent and willful denial or interference with parenting time. Minn. Stat. § 518.18(a), (b), (c) (2000). If the time requirements are satisfied, or one of the exceptions to the time requirements applies, the court may hear the motion to modify custody.

■ In this case, father's motion to modify custody was filed six months after

the most recent custody-modification order. For purposes of analysis, we assume but do not decide, that the prior modification of physical custody was sufficient to trigger the time limitation on filing a motion to modify legal custody. The district court did not make findings that established either child endangerment or persistent interference with parenting time. Thus, the district court's jurisdiction to hear the motion depended on the parties' agreement in writing. While the parties did not explicitly so agree, they each made reciprocal motions to modify custody. Mother's responsive motion was a counter-motion to modify custody because her affidavit asked the district court to refrain from imposing the supervised parenting time that was to be implemented under the existing decree if she moved outside the seven-county metropolitan area and to reduce weekday parenting time but increase holiday and vacation day parenting time. We conclude that the parties' cross-motions represent the required agreement in writing, giving the court jurisdiction to modify custody.

*Need for an Evidentiary Hearing*

■ The party seeking to modify child custody must assert facts sufficient to establish a prima facie case for modification. Minn.Stat. § 518.18(d) (2000); *Nice–Petersen v. Nice–Petersen,* 310 N.W.2d 471, 472 (Minn.1981); *Geibe v. Geibe,* 571 N.W.2d 774, 777 (Minn.App.1997). If the moving party asserts sufficient facts, then an evidentiary hearing must be held to determine the truth of the allegations and to provide a basis for the necessary findings. *Nice–Petersen,* 310 N.W.2d at 472. These requirements apply to the modification of legal custody, as well as physical custody. *See In re Welfare of V.H.,* 412 N.W.2d 389, 391 (Minn.App.1987) (stating that Minn.Stat. § 518.18 is applicable to legal-custody modifications).[1]

■ Father made the requisite showing. His affidavits asserted facts which, if believed, show changed circumstances since the last modification order, possible endangerment to the children, and that modification of legal custody would be in the children's best interests, based on the parties' inability to communicate and cooperate with each other. *See Wopata v. Wopata,* 498 N.W.2d 478, 482 (Minn.App. 1993) (stating that joint-legal custody is inappropriate when the parties are unable to communicate and cooperate).

The affidavits provided the following details: (1) mother failed to tell father where she was taking the children for a three-week vacation; (2) a daughter said that mother planned on taking the children to Costa Rica for a vacation; (3) mother limited father's contact with the children during a three-week period; (4) father was unable to contact or locate the children for four days within that period; (5) when father could not contact mother or the children, he went to mother's house and observed that she had moved, despite the fact that she told the court she was not planning to move; (6) father contacted the guardian ad litem for mother's new address, went to the address, and found that mother was not living at the new address; (7) many times, mother either failed to pick up or was late in picking up the youngest daughter from daycare; (8) mother's "significant other" told father that father would have to speak through him to deal with mother; (9) mother moved out of the seven-county metropolitan area; (10) mother showed a lack of

---

1. *See also Petroski v. Petroski,* No. C9–00–1961, 2001 WL 410418, at *5–6 (Minn.App. Apr. 24, 2001) (determining that, if the movant makes a prima facie showing, then an evidentiary hearing is required for legal-custody modifications).

judgment when she had the children for parenting time.

Because both parties agreed in writing that the district court could modify custody, and father made a prima facie showing that modification was appropriate, the district court must hold an evidentiary hearing to determine whether grounds for modification of legal custody exist. Accordingly, we reverse and remand this issue to the district court.

### III

■■■ The district court changed the parenting-time schedule in a way that reduced mother's regular weekday and weekend parenting time to about one-half of that provided in the previous amended decree. Mother argues that the district court improperly modified the weekday and weekend parenting-time schedule because she was not provided with necessary information, father misinformed the court about her impact on the children, and there was no evidentiary hearing.

■■■■ To reduce a party's parenting-time rights, the district court must find changed circumstances. *See Clark v. Clark*, 346 N.W.2d 383, 386 (Minn.App. 1984) (stating that the record did not demonstrate why the existing arrangement was not in the child's best interests), *review denied* (Minn. June 12, 1984). Whether the district court must hold an evidentiary hearing depends on the degree of modification. Insubstantial parenting-time modifications or adjustments do not require an evidentiary hearing. *Braith v. Fischer*, 632 N.W.2d 716, 721 (Minn.App. 2001). Whether a modification is substantial depends on whether parenting time was restricted, which requires looking at both the reasons for the change and the amount of reduction of the parenting-time rights. *Anderson v. Archer*, 510 N.W.2d 1, 4 (Minn.App.1993).

Under the circumstances, we cannot say that the change in parenting time was insubstantial. Although the district court's reason to modify the parenting-time schedule was to account for the physical distance between mother and her children, the order continues minimal weekday parenting time and significantly reduces weekend parenting time. Because the modification was substantial, an evidentiary hearing was required. Accordingly, we reverse the denial of an evidentiary hearing and remand the modification issue to the district court.

### IV

The district court modified child support and increased mother's monthly obligation from $1 to $380, based on its application of the child-support guidelines to mother's imputed income. Mother argues that the district court abused its discretion by failing to find a substantial change in circumstances before modifying child support. We reverse and remand the child-support issue, but on other grounds.

The previous amended decree, based on the parties' stipulation, set mother's monthly child-support obligation at $1 in recognition that mother essentially had the children one-half of the time. Father's motion to increase child support presupposed a change in the parenting-time schedule that would substantially increase father's parenting time and reduce mother's parenting time. Because the previous child support was based on the stipulation of the parties, and the change in child support was a product of the change in the parenting-time schedule, which we now reverse, the issue of child support must also be remanded for redetermination after the issues of legal custody and parenting time have been resolved.

## V

 The district judge rejected mother's request for recusal and the chief judge denied mother's motion for recusal. Neither action was an abuse of discretion.

Minn. R. Civ. P. 63.03 provides that a party must file its notice to remove a judge before the judge first presides in an action, unless the party makes an affirmative showing of the judge's prejudice or implied or actual bias. Minn. R. Civ. P. 63.03; *Uselman v. Uselman,* 464 N.W.2d 130, 139 (Minn.1990). Here, the assigned judge presided at many proceedings before mother filed her notice to remove. Upon reviewing the motion, the chief judge made detailed findings and denied mother's motion, concluding that the assigned judge had not acted with prejudice or bias. Because there is no evidence to support mother's allegations of prejudice or bias, the district court did not abuse its discretion by denying mother's motion to remove.

## DECISION

The appeal of the temporary suspension of parenting time is moot and we dismiss that issue. Because father's motion and mother's countermotion to modify custody represent an agreement in writing to consider motions to modify custody, the district court had jurisdiction despite the shortness of time from the previous order resolving custody issues. Because father made a prima facie showing that modification of legal custody was warranted, the district court must hold an evidentiary hearing before modifying legal custody. Because the district court proposed to substantially modify mother's parenting time, an evidentiary hearing was also required. And because mother's child-support obligation depends on the legal-custody and parenting-time determinations, mother's obligation should be decided after the legal-custody and parenting-time issues are resolved. Finally, because the district court found no bias or prejudice by the assigned judge, it did not abuse its discretion in denying mother's motion to recuse. We dismiss the issues concerning temporary suspension of parenting time; we reverse and remand the modifications of legal custody, parenting time, and child support; and we affirm the denial of mother's motion to remove the district court judge.

**Affirmed in part, reversed and remanded in part, and dismissed in part.**