In re the Marriage of Kevin J. HESSE, petitioner, Respondent,

v.

Patricia L. HESSE, Appellant,

and

County of Meeker, intervenor, Respondent.

No. A08–2255.

Court of Appeals of Minnesota.

Dec. 1, 2009.

Douglas A. Ruhland, Ruhland Law Office, Ltd., Eden Valley, MN, for respondent petitioner.

Brian M. Olsen, Brian M. Olsen Law Office, Cokato, MN, for appellant.

Stephanie Beckman, Meeker County Attorney, Elizabeth Cummins, Assistant County Attorney, Litchfield, MN, for respondent intervenor.

Considered and decided by HUDSON, Presiding Judge; LANSING, Judge; and SHUMAKER, Judge.

## OPINION

HUDSON, Judge.

Appellant-mother challenges orders of the district court and child-support magistrate (CSM) granting respondent-father's

motion to modify his child-support obligation. Because Minn.Stat. § 518A.36, subd. 1(a) (2008) determines the percentage of parenting time for parenting-expense adjustment by the terms of the existing support order, whether or not a parent exercises the full amount of that parenting time, and because mother's other arguments lack merit, we affirm.

## FACTS

The district court dissolved the marriage of appellant Patricia Hesse and respondent Kevin Hesse by judgment in 2006. The judgment awarded the parties joint legal custody of their two minor children, ages eleven and seven, and awarded mother sole physical custody. Based on the parties' respective incomes, the district court ordered father to pay mother child support of $1,107 per month under the then-existing child-support statute. *See* Minn.Stat. § 518.551, subd. 5(b) (2004).

The judgment also contained a detailed parenting-time schedule. From the children's Christmas break until their Easter break, when father was routinely laid off from his seasonal employment as a construction foreman, he had full-time parenting time, except for Wednesday afternoon through Sunday evening every other week, when mother had parenting time. The rest of the year, from Easter break until Christmas break, this schedule was reversed. Each party also received parenting time on approximately five holidays per year; on Mother's and Father's Day, respectively; and on the dates of certain local festivals. The judgment also provided that "[e]ach party shall have the right to spend up to two weeks with the children in an uninterrupted block of time to facilitate a vacation with the children during the children's summer break."

In February 2008, after a revised child-support statute went into effect for modification of existing support orders, father moved for a downward support modification. *See* Minn.Stat. § 518A.39, subd. 2 (2006). Under the new statute, a "parenting expense adjustment" is calculated based on the percentage of parenting time granted to or presumed for each parent. *See* Minn.Stat. § 518A.36, subd. 1(a) (2006). After a hearing, a CSM denied father's motion, concluding that because father had not exercised the two-week vacation parenting time granted in the judgment, that period should not be included in his parenting-time allocation for purposes of determining the parenting-expense adjustment under Minn.Stat. § 518A.36, subd. 1(a). The CSM also found that father's gross income had increased by amounts he received as federal and state income-tax refunds. The CSM revised calculations of father's support obligation but declined to modify support, determining that there had been no substantial change in circumstances making the existing order unreasonable and unfair.

The district court granted father's motion for review. The district court concluded that father's failure to exercise the two-week vacation parenting time was irrelevant because the percentage of parenting time that is the basis for the parenting-expense adjustment is defined as the time "a child is scheduled to spend with a parent during a calendar year according to a court order." Minn.Stat. § 518A.36, subd. 1(a) (2008). Therefore, the vacation period was properly counted as parenting time and father had a parenting-time allocation between 45.1% and 50%. This allocation resulted in a presumption that parenting time was equal under Minn.Stat. § 518A.36, subd. 2(1)(iii), and required a parenting-expense adjustment of 50%. The district court also determined that the CSM had erred by including father's tax refunds in his gross monthly income.

On remand, the CSM recalculated support based on the district court's order and found that father's guidelines support obligation was $760 per month. Because this amount was both 20% lower and $75 lower than the current support obligation, the CSM applied a presumption that there had been a substantial change in circumstances, making the existing order unreasonable and unfair, and ordered a downward modification of support. *See* Minn. Stat. § 518A.39, subd. 2 (2008). This appeal follows.

## ISSUE

Did the district court and the CSM abuse their discretion by granting father's motion for a downward support modification?

## ANALYSIS

The district court has broad discretion when deciding child-support modification issues. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). Its decision will be upheld unless it committed clear error and its decision is against logic and the facts of record. *Id.* On appeal from a CSM's ruling, the standard of review is the same as it would be if the decision had been made by a district court. *See Perry v. Perry*, 749 N.W.2d 399, 402 (Minn.App. 2008) (stating that a district court's authority to act and a referee's authority to act are governed by the same rule).

A child-support order may be modified upon a showing of a substantial change in circumstances which makes the existing order unreasonable and unfair. Minn.Stat. § 518A.39, subd. 2. One such change in circumstances is substantially increased or decreased gross income of a child-support obligor or obligee. *Id.*, subd. 2(a)(1). If application of the child-support guidelines results in a calculated order that is at least 20% and $75 higher or lower than the current child-support order, there is a presumption that there has been a substantial change in circumstances and there is an additional, rebuttable presumption that the existing support obligation is unreasonable and unfair. *Id.*, subd. 2(b)(1).

The parenting-expense-adjustment statute reflects a presumption that a parent, while exercising parenting time, has expenses associated with the costs of raising the child. Minn.Stat. § 518A.36, subd. 1(a) (2008). Therefore, the support obligor is entitled to a parenting-expense adjustment of his or her support obligation, based on the percentage of parenting time allocated to the obligor. *Id.*, subd. 2. The court applies the percentage of parenting time allocated, within given ranges, to calculate a parenting-expense adjustment, which is then subtracted from the obligor's basic support obligation to arrive at a support obligation after parenting-expense adjustment. *Id.*, subds. 2, 3.

### Parenting-time calculation

Mother argues that the CSM's factual determination that father had a parenting-time allocation of more than 45.1% was clearly erroneous because the district court failed to take into account father's failure to exercise two weeks of vacation parenting time. Mother argues that because father did not actually exercise his vacation parenting time in 2007 or 2008, he did not have the 14 overnights of additional parenting time contemplated by the district court when it made its parenting-expense-adjustment calculations. This issue involves interpretation of the parenting-expense-adjustment statute, which is a legal issue reviewed de novo. *Svenningsen v. Svenningsen*, 641 N.W.2d 614, 615 (Minn.App.2002).

The parenting-expense-adjustment statute requires that a child-support order "shall specify the percentage of parenting time granted to or presumed for each par-

ent" and states that "[f]or purposes of this section, the percentage of parenting time means the percentage of time a child is scheduled to spend with the parent during a calendar year according to a court order." Minn.Stat. § 518A.36, subd. 1(a). The district court determined that the two-week vacation with the children granted to father by the dissolution judgment was to be counted as his parenting time. Therefore, on remand, the CSM added that time into father's parenting time in order to calculate his parenting-time adjustment.

The CSM did not err by including the allocated vacation days in the parenting-expense-adjustment calculation. The plain language of Minn.Stat. § 518A.36, subd. 1(a), provides that parenting time, for purposes of parenting-expense adjustment, is determined by the terms of a court order scheduling parenting time. *See* Minn.Stat. § 645.16 (2008) (stating that, in absence of ambiguity, clear language of statute controls).

The legislature did not provide that the presumption of parenting time as set forth in a court order for this purpose is a rebuttable presumption. *Cf.* Minn.Stat. § 518A.32, subd. 1 (2008) (stating that, for purposes of calculating potential income, "it is rebuttably presumed that a parent can be gainfully employed on a full-time basis"). Therefore, the statute dictates that father retains the full two weeks of vacation parenting time granted in the dissolution judgment when determining his parenting-expense adjustment for support calculation, even if he does not exercise that parenting time. Any other result would encourage litigation by allowing a party to return to court to argue for a parenting-expense adjustment, and consequently a recalculation of support, based solely on that party's failure to exercise scheduled parenting time. A party who wishes to challenge compliance with the parenting-time provisions of a court order should instead move for a hearing to resolve the parenting-time dispute. *See* Minn.Stat. § 518.178 (2008) (providing for a parenting-time review hearing).

■ Mother argues that, even if the allocated vacation time is counted as parenting time, the district court and the CSM clearly erred by finding that father had sufficient yearly parenting-time overnights to place him in the 45.1% to 50% category, triggering the presumption that parenting time was equal under Minn.Stat. § 518A.36, subd. 2(1)(iii). Mother points out that father's parenting-time overnights vary each year, depending on the date Easter occurs. For instance, although Easter occurred on April 8 in 2007, it occurred on March 23 in 2008, so that in 2008, father had less than 45.1% parenting time.

■ A court may take judicial notice of the course of the calendar. *Webb v. Kennedy*, 20 Minn. 419, 420, 20 Gil. 374, 376 (1874). We may presume that the district court took judicial notice of the date of Easter in different years in order to count father's parenting-time overnights. The calendar shows that for the remaining years of the minority of the parties' children, Easter falls in April during seven years, but in March during only two years. In none of those years does Easter fall as early as the 2008 date of March 23. Therefore, the district court and the CSM did not clearly err by determining that father had over 45.1% parenting time for the purpose of calculating his parenting-expense adjustment.

## Sufficiency of findings and consideration of parties' circumstances

Mother maintains that the district court and the CSM (1) made insufficient findings on parenting time, the parties' expenses, and the relevant statutory criteria, and (2)

abused their discretion by modifying support without fully considering father's increased income and decreased expenses and the children's needs.

 Findings should assure that the relevant statutory factors have been addressed, satisfy the litigants that their case was fairly resolved, and permit reasoned appellate review. *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976). The district court and the CSM found that under the dissolution judgment, father was granted parenting time "between 45.1% and 50%" so that there was a presumption that parenting time was equal, and the parenting-time-expense adjustment of 50% would be applied to father's support obligation. *See* Minn.Stat. § 518A.36, subd. 2(1)(iii). These findings adequately address the relevant statutory criteria for determining parenting-time-expense adjustments, which governed the decision to modify support.

 A support-modification order does not necessarily require findings on the parties' expenses. *See* Minn.Stat. § 518A.39, subd. 2(a) (stating that a support order "may be modified upon a showing of one or more of the following," including obligor's or obligee's substantially increased or decreased income or need). Because the CSM and the district court modified support based primarily on the finding of father's percentage of parenting time, detailed findings on other questions that were not at issue, such as the parties' expenses, are unnecessary. We also note that because mother failed to submit her expenses to the CSM for consideration, it was not error to decline to make findings on those expenses. *See Eisenschenk v. Eisenschenk,* 668 N.W.2d 235, 243 (Minn. App.2003) ("On appeal, a party cannot complain about a district court's failure to rule in her favor when one of the reasons it did not do so is because that party failed

to provide the district court with the evidence that would allow the district court to fully address the question."), *review denied* (Minn. Nov. 25, 2003).

 Mother argues that the district court did not fully and fairly review the record because the district court did not have a transcript of the hearing before the CSM for review. But whether to provide a transcript on review of a magistrate's ruling is left to the discretion of the party seeking review. *See* Minn. R. Gen. Pract. 377.09, subd. 3 (acknowledging that a transcript may not be provided on review). When a transcript has not been filed, review "may be based upon all or part of the audio or video recording of the hearing." *Id.* We do not presume that the district court erred by failing to review the evidence that was properly before it. *See Custom Farm Servs., Inc. v. Collins,* 306 Minn. 571, 572, 238 N.W.2d 608, 609 (1976) (stating that appellate courts cannot presume error).

 Mother argues that the district court clearly erred by failing to find that father's annual income has increased by $10,000 since the 2006 dissolution. But father testified on that issue during questioning related to the tax refund he received in 2007. The district court correctly determined that these tax refunds were not includable in his 2007 gross income for child-support purposes for two reasons. First, the money generating the tax refunds had already been included in father's 2006 gross income. Second, under the new child-support statute, gross income, not net income, acts as the basis for a child-support obligation. *See* Minn.Stat. § 518A.29 (2008) (defining gross income for purposes of child-support calculation). The gross-income calculation now required to determine support does not exclude the portion of an obligor's income that is with-

held to produce a tax refund. *Id.* Therefore, any increase in income due to tax refunds is irrelevant to determining father's support obligation. Further, on this record, any decrease in father's expenses occurring because another person helped pay for food in his household or because his employer partially reimbursed him for travel expenses was not sufficient to warrant an adjustment in his support obligation. *See Wibbens v. Wibbens,* 379 N.W.2d 225, 227 (Minn.App.1985) (refusing to remand for de minimis error in setting child support).

Mother also argues that the children's needs require support to remain at its current level. The framework for calculating child-support obligations reflects legislative concern for the best interests of the child. *See* Minn.Stat. § 518A.37, subd. 2(5) (2008) (stating that an order deviating from the presumptive child-support obligation requires findings on the best interests of the child). Although child-support payments to mother have been reduced, father has substantial parenting time, and his income must be able to cover the costs of children's needs while they are with him. The presumptive support obligation as determined by the district court and the CSM adequately provides for the children's best interests, and no formal argument for deviating from the correct presumptive guideline amount is at issue here.

## DECISION

Because the terms of the parties' dissolution judgment control their parenting-time schedule for purposes of calculating a parenting-expense adjustment, we affirm the downward modification of father's child-support obligation.

**Affirmed.**