*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0341**

In re the Marriage of:
Patricia A. Kuzara, f/k/a Patricia A. McDermott, petitioner,
Appellant,

vs.

John R. McDermott,
Respondent,

Hennepin County,
Intervenor

**Filed January 9, 2017
Affirmed
Worke, Judge**

Hennepin County District Court
File No. 27-FA-14-7285

Patricia A. Kuzara, Minnetonka, Minnesota (pro se appellant)

Jerry A. Burg, Minneapolis, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Bratvold, Judge.

UNPUBLISHED OPINION

**WORKE**, Judge

Appellant-mother challenges a child support magistrate's (CSM) denial of her motion to modify respondent-father's child-support obligation to include arrears. We affirm.

**FACTS**

The parties' dissolution judgment was entered in California in 2007. Respondent-father John R. McDermott agreed to pay appellant-mother Patricia A. Kuzara $5,000 per month in child support, or $1,250 for each of their four children, commencing October 12, 2006, and terminating for each child when he or she was emancipated.

In July 2015, mother moved the Minnesota district court to modify child support based on the emancipation of all of the children. Mother claimed that father owed her approximately $156,000 in child support from 2006-14, and attached a "schedule for arrears." In opposing the motion, father filed records from 2006-14 documenting his support payments. Father's submissions included: copies of checks; receipts of deposits into mother's bank account; notations of cash payments to mother; credit-card statements; bank statements showing payments for utilities; and e-mails between the parties showing mother's acknowledgment that father's payments for utilities, rent, and miscellaneous items were deemed "support" payments.

The CSM found that mother supplied no documentation to support her figures. The CSM found that the parties agreed that father's payments toward mother's rent, utilities, and other living expenses would be treated as child-support payments. The

2

CSM found that father's records showed payments in excess of the amount mother claimed was due, and concluded that no child-support arrears were owed. Mother moved for review of the order, but the CSM denied mother's motion, finding that mother simply restated her allegations but failed to provide documentation. This appeal follows.

## DECISION

On appeal from a CSM's order, this court uses the same standard to review issues as would be applied if the order had been issued by a district court. *Hesse v. Hesse*, 778 N.W.2d 98, 102 (Minn. App. 2009); *see also Putz v. Putz*, 645 N.W.2d 343, 347-48 (Minn. 2002). Generally, the abuse-of-discretion standard applies to an order issued by a CSM. *Putz*, 645 N.W.2d at 347-48.

"Findings of fact are clearly erroneous wh[en] an appellate court is left with the definite and firm conviction that a mistake has been made." *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008) (quotation omitted). "When determining whether findings are clearly erroneous, the appellate court views the record in the light most favorable to the [CSM's] findings." *Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2000). Appellate courts "do not disturb findings of fact based on conflicting evidence . . . unless [the findings are] manifestly and palpably contrary to the evidence as a whole." *In re S.G.*, 828 N.W.2d 118, 127 (Minn. 2013) (quotation omitted).

Mother disagrees with the CSM's findings, but she fails to show that the findings are clearly erroneous. Mother challenges the finding that she agreed to in-kind payments, but there are several e-mail exchanges between the parties in which mother agreed that father's payments for certain items would be considered support. Mother also argues that

3

because it is a California order, California law should be applied, which she claims prohibits in-kind payments in lieu of child-support payments. But this choice-of-law issue was not raised below. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that an appellate court will not consider matters not argued to and considered by the district court).

Mother asserts that the CSM objected to her lack of documentation, but claims that the divorce order supports her claim. But father did not challenge the support he was ordered to pay. Father asserted that he paid the support ordered and provided documentation to the satisfaction of the CMS showing that he fulfilled his obligation.

Mother also claims that the CSM erroneously classified father's spousal-support and medical payments as child support and challenges father's proof of payment. But mother failed to provide documentation that contradicted father's documentation of payments. Mother claims that it was difficult for her to keep an accurate accounting, and she admitted that father "kept very accurate records of everything he paid [her]." Thus, mother concedes that father's records that she challenges are accurate. Mother also asserts that it was father's burden to prove he paid the support. But mother moved to modify child support. The moving party carries the burden of proof. *Youker v. Youker*, 661 N.W.2d 266, 269 (Minn. App. 2003), *review denied* (Minn. Aug. 5, 2003).

Finally, mother claims that the CSM failed to ask "one content question" at the hearing on her motion. The record does not support mother's contention. The CSM asked mother: "Your position is that the arrears are due and you submitted documentation that you believe is owing; correct?" Mother replied: "Correct." The CSM asked mother

4

if she wanted to add anything to what she already filed. Mother stated that after she received a copy of father's submissions, she sent e-mail objections to father's attorney, which she wanted in the record. The CSM agreed to review mother's objections to father's claimed payments that she submitted to father's attorney via e-mail. The CSM then asked mother if she had any other objections to, or comments about, father's submissions. Mother declined to make additional comments, asserting that her objections in the e-mails were "straightforward." The CSM provided mother several opportunities to object to father's submissions. The CSM did not abuse its discretion by denying mother's motion.

**Affirmed.**