# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A16-0434

In re the Marriage of:

Justin David Shearer, petitioner,
Appellant,

vs.

Mandy Jane Shearer,
Respondent.

**Filed February 27, 2017**
**Affirmed in part, reversed in part, and remanded**
**Rodenberg, Judge**

Washington County District Court
File No. 82-FA-13-1626

Douglas J. Mentes, St. Paul, Minnesota (for appellant)

David K. Meier, Samuel S. Stalsberg, Sjoberg & Tebelius, P.A., Woodbury, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Halbrooks, Judge; and Rodenberg, Judge.

## S Y L L A B U S

A district court does not err when, on motion, it modifies a parenting-time arrangement based on a finding that the modification would be in the children's best interests and the modification does not restrict parenting time.

**O P I N I O N**

**RODENBERG**, Judge

Appellant-father appeals the district court's order modifying both the parenting-time provision of a judgment and decree of dissolution and the monthly child support to which he and respondent-mother stipulated, resulting in that judgment and decree. Father argues that the district court erred in modifying the parenting-time arrangement based on a best-interests finding, and in modifying child support to conform to the parents' exercise of parenting time and not the parenting time designated in the judgment and decree. Because we hold that a district court's finding concerning the best interests of the children is a sufficient basis to modify parenting time where the modification does not restrict either parent's time with the children, we affirm the district court's modification of the parties' parenting-time arrangement. But because the district court did not calculate the parenting-time expense adjustment according to the allocation of parenting time set forth in the judgment and decree, we reverse that modification and remand to the district court.

**FACTS**

Justin David Shearer (father) and Mandy Jane Shearer (mother) married on August 4, 2002. In 2004, twin children were born to the couple. On March 13, 2013, father petitioned for dissolution of the marriage. On March 16, 2013, the parties signed a document entitled Stipulated Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree, drafted by father's attorney. Mother was unrepresented.

Related to this appeal, the parties agreed in 2013 that it was in the best interests of their children that the parents "share permanent joint physical and joint legal custody of

2

their children" and agreed that parenting time would be shared equally between them and scheduled to coincide with father's work schedule. Father works as a pilot for a commercial airline and is "able to bid for the times that he will work." Because he bids for a flight schedule on a monthly basis, his schedule varies monthly. His work requires that he be out of state for extended periods during which he cannot supervise the children. The parties stipulated:

> Since separation, the parties have exercised a parenting time schedule in which [father] exercises parenting time with the children while he is not working, and staying at home. [Mother] exercises parenting time while [father] is working and out of town. The parties agree this permanent schedule is in the best interests of their children. The parties agree this schedule is a schedule in which they share equal parenting time of their children.

The parents also agreed on a relatively detailed holiday and vacation schedule, under which the children would each spend approximately half of the specified holidays with each parent, and each parent would be entitled to take a two-week vacation with the children each year.

The parties also agreed in their stipulation that father would pay child support of $1,187 per month, less mother's health-care contributions. This figure took into account the parents' respective shares of the Parental Income for determining Child Support (PICS)—79% for father and 21% for mother—and adjusted the child-support with a parenting-time expense adjustment appropriate for evenly split parenting time.

In May 2013, the district court accepted the parties' agreement and entered a judgment and decree with the stipulated language, ordering father to pay monthly child support of $1,187 and ordering, as the parties had stipulated:

> The parties shall share parenting time on an equal basis, specifically[:] [father] shall exercise parenting time while he is not working. [Mother] shall exercise parenting time while [father] is working and traveling out of town. For child support purposes, the parents each exercise 50% parenting time.

In September 2015, mother moved for modification of both the parenting-time arrangement and child support. Concerning parenting time, mother requested a change in the parenting-time arrangement because father had "bid his schedule such that he always travels during the work week and is back to Minnesota for the weekends," and mother was therefore not spending any weekend time with the children. She alleged that, during the weekday parenting time, the children were in school full-time, mother worked full-time, and "[e]venings are spent on homework, errands, activities, and getting them ready for the next day." Mother asked the court to require father to arrange his schedule so that the children would be able to spend two weekends per month with mother.

Mother also requested that the district court modify child support to reflect the parents' current incomes and actual parenting time. Mother argued that father's parenting time amounted to "substantially less than 45.1%," and that father deserved a smaller parenting-time adjustment than that provided by the judgment and decree. Mother alleged that father actually parented approximately 35% of the time. She submitted calendars created from her contemporaneous records to support her calculations. Father disputed mother's calculations and submitted his own calendars based on his flight schedule.

4

The district court granted mother's motion and modified the parenting-time arrangement to afford mother weekend parenting time twice each month. It also increased child support. The district court found that mother's parenting time had included only five full weekends since January 2014 and determined that "[i]t is in the children's best interest to maximize the amount of time that they spend with both parents," and this "can be best accomplished by allowing both parents some weekend time." Accordingly, the district court ordered that, beginning in February 2016, mother would have parenting time on the second and fourth weekends of each month. The district court explicitly reiterated that this change was not to affect the total number of overnights the children would spend with each parent.

The district court also determined that father exercised 41% of parenting time in the first half of 2015, and that he had exercised more than 45% of parenting time during only eight months since the entry of the judgment and decree. The district court modified child support to reflect father's actual rate of parenting time in the first months of 2015. After recalculating the parents' PICS percentages, it ordered father to pay $1,968.

Father moved for amended findings or new trial on February 19, 2016. The district court, regarding the motion as a request for reconsideration under Minn R. Gen. Pract. 115.11, denied it. Father appeals the district court's order modifying both the parenting-time arrangement and child support.

**ISSUES**

I.       Did the district court abuse its discretion when it modified the parenting-time arrangement?

II.      Did the district court misapply the law when it modified child support?

**ANALYSIS**

**I.      Modification of the parenting schedule**

Father argues that the district court erred when it modified the parenting-time arrangement to grant mother two weekends of parenting time per month. "The district court has broad discretion in determining parenting-time issues and will not be reversed absent an abuse of that discretion." *Dahl v. Dahl*, 765 N.W.2d 118, 123 (Minn. App. 2009). Reversible abuses of discretion include misapplying the law or "relying on findings of fact that are not supported by the record." *Suleski v. Rupe*, 855 N.W.2d 330, 334 (Minn. App. 2014).

Father identifies three discrete errors by the district court concerning the modification of parenting time. He first argues that the record does not support the district court's finding that "there is no schedule specified in the Judgment and Decree." "A district court's findings of fact underlying a parenting-time decision will be upheld unless they are clearly erroneous." *Dahl*, 765 N.W.2d at 123. Father argues that the judgment and decree alludes to a schedule, labeled the "regular weekly schedule," that the parties had followed during their separation: father parenting on the weekends and mother parenting during the week.

A schedule is "a procedural plan that indicates the time and sequence of each operation." *Merriam-Webster's Collegiate Dictionary* 1110 (11th ed. 2014). More specifically, a "specific schedule for parenting time" includes "the frequency and duration of visitation and visitation during holidays and vacations." Minn. Stat. § 518.175, subd. 1(e) (2016). This particular judgment and decree does not indicate which days the children will be with each parent; it states only that the parents will determine the parenting schedule according to father's work schedule. Accordingly, the district court did not clearly err when it found that the judgment and decree identifies no parenting-time schedule.

Father next argues that, because the parties stipulated to the judgment and decree, it should have been accorded the "sanctity of a binding contract." This amounts to a request that we hold that parenting-time arrangements stipulated to by divorcing parties are entitled to greater deference than parenting-time arrangements otherwise ordered by the court. Before a stipulated marriage dissolution is merged into a judgment, courts treat it like a contract between the parties to the marriage. *Toughill v. Toughill*, 609 N.W.2d 634, 639 (Minn. App. 2000). But after the court incorporates the stipulation into a judgment, the stipulation is treated as a judgment, not as a contract. *Shirk v. Shirk*, 561 N.W.2d 519, 522 (Minn. 1997). The law expressly allows for modification of such judgments as they relate to parenting time. *See, e.g.*, Minn. Stat. § 518.175, subd. 5 (2014).[1]

---

[1] Minn. Stat. § 518.175, subd. 5, and Minn. Stat. § 518A.36 were amended in 2016. 2016 Minn. Law, ch. 189, art. 15, §§ 16, 20. The modification to these sections become effective August 1, 2018. *Id.* We therefore cite to the 2014 versions of these statutes.

7

Finally, father argues that the district court erred when it modified the parenting-time arrangement without finding changed circumstances, a finding father argues is required before a district court may modify a parenting-time arrangement. Mother argues that the district court need only find that the modification would be in the children's best interests if there is no restriction of a parent's time with the children. We review de novo the district court's determination of the appropriate standard to obtain relief. *Shirk*, 561 N.W.2d at 521.

Section 518.175, subdivision 5, governs modification of a parenting-time schedule:

> If modification would serve the best interests of the child, the court shall modify the decision-making provisions of a parenting plan or an order granting or denying parenting time, if the modification would not change the child's primary residence. Consideration of a child's best interest includes a child's changing developmental needs.

Minn. Stat. § 518.175, subd. 5(a). The statute requires only that a proposed modification "serve the best interests of the child." *Id.* Father argues, however, that this court held in *Matson v. Matson*, 638 N.W.2d 462 (Minn. App. 2002), that a district court must find a change in circumstances before modifying a parenting-time arrangement. *Matson* states a general rule that a district court "must find changed circumstances" when it "reduces" a party's parenting-time rights. 638 N.W.2d at 468. *Matson* is generally consistent with the language of section 518.175, subdivision 5(b), limiting the circumstances in which the district court may "restrict parenting time." Several unpublished cases of this court have arguably misstated this standard as applying to *all* parenting-time modification cases, but we applied the best-interests standard in a recent published case. *See Suleski*, 855 N.W. at

8

337 ("The district court did not abuse its discretion in concluding that the modification of parenting time was in the child's best interests."). The statute authorizes a parenting-time modification consistent with the best interests of the children, and *Matson* limits the changed-circumstances requirement to instances in which a modification would reduce parenting-time rights. We recently held in *Hansen v. Todnem* that a district court may make insubstantial modifications of parenting time if it finds that modification is in the child's best interest without making "particularized findings" on all of the statutory best-interests factors. ___ N.W.2d ___, ___, 2017 WL 562525, at *5 (Minn. App. Feb. 13, 2017). In so holding, *Hansen* noted that *Matson* applies to restrictions of parenting time, not insignificant reductions. *Id.* At *4. We hold that, where modification would not restrict parenting time, a district court may modify a parenting-time arrangement if the modification is in the best interests of the child.

Here, the district court explicitly stated that the modification "is not a restriction on either party's time with the children." At oral argument, both parties' counsel agreed that the provision in the judgment and decree providing that parenting time would be equally divided remains unchanged by the district court's order. The district court found: "It is in the children's best interest to maximize the amount of time that they spend with both parents. This can best be accomplished by allowing both parents some weekend time." Father does not argue that this finding is erroneous. He only argues that it was insufficient to support the modification. Under the statute and *Suleski*, the district court's best-interest finding is a sufficient basis for this non-restricting modification. The modification leaves intact that the children will be with father when he is not working, and continues the equal-

9

parenting-time provision, but provides that the children should spend two weekends each month with mother.

We conclude that the district court applied the proper standard and acted within its discretion when it modified the parenting-time arrangement after finding that modification to permit regular and scheduled weekend parenting time with mother was in the children's best interest.

## II.    Modification of child support

Father also argues that the district court erred when it modified his child-support obligation. "The district court has broad discretion when deciding child-support modification issues." *Hesse v. Hesse*, 778 N.W.2d 98, 102 (Minn. App. 2009). We review a district court's decision to modify child support for an abuse of discretion. *Svenningson v. Svenningson*, 641 N.W.2d 614, 615 (Minn. App. 2002). A district court abuses its discretion when it sets child support in a manner that is against logic and the facts on record or it misapplies the law. *Hesse*, 778 N.W.2d at 102. Statutory interpretation is reviewed de novo. *Id.*

When a child-support obligor exercises more than 10% of parenting time, Minnesota applies a parenting-expense adjustment to the child-support obligation. Minn. Stat. § 518A.36, subd. 2. The statute identifies two levels of adjustment for obligors who parent more than 10% but less than 50% of the time (one category for parenting time from 10% to 45% of the time, and another for parenting time of 45.1% to 50% of the time).[2] *See*

---

[2] To adjust support to account for parenting time, the district court must determine the obligor's parenting-time percentage. Under section 518A.36, the "percentage of parenting

10

*id.* (listing parenting-time percentages and corresponding adjustments). When parenting time is equally shared and the incomes of the parents are not equal, support is calculated according to a formula.[3] *Id.*

Here, child support was initially set at $1,187, based on an equal parenting-time agreement. The parties agreed to that amount, it was carried forward into the judgment and decree, and the decree was not appealed. On mother's motion, and relying on mother's submitted parenting-time calendars, the district court determined father had actually exercised parenting time less than 45% of the time. It then applied the lower expense adjustment to his current income to determine ongoing child support, resulting in an increase in his support obligation. Because the judgment and decree states that the parents each have 50% of the parenting time and the modification order does not amend the parenting-time ratio, father argues the district court was required to apply a parenting-expense adjustment commensurate with equal parenting.

Father relies on *Hesse* to argue that courts must calculate a parenting-time expense adjustment based on scheduled parenting time. In *Hesse*, the dissolution judgment

---

time . . . means the percentage of time a child is scheduled to spend with the parent during a calendar year according to a court order." Minn. Stat. § 518A.36, subd. 1. However, the statute also states that "[t]he percentage of parenting time may be determined by calculating the number of overnights that a child spends with a parent." *Id.*

[3] Under the 2014 version of the statute, a court determining child support with a parenting-expense adjustment for equal parenting time would multiply the combined basic income support figure by 0.75, separately multiply that figure by the PICS ratios of each parent, and subtract the smaller number from the larger number. *Id.*, subd. 3. The resulting number would be the amount of child support the parent with the higher income will be required to pay in child support. *Id.*

"contained a detailed parenting-time schedule" which, in addition to ordering Mr. Hesse to pay child support, dictated which parent would have parenting time on each night of the year and additionally allowed each parent to take up to two weeks of vacation time with the children each year. 778 N.W.2d at 101. Mr. Hesse later moved to amend the child-support award and received a parenting-time expense deduction based on the determination that he split parenting time evenly with Ms. Hesse. *Id.* at 101-02. On appeal, Ms. Hesse argued that the district court erred in failing to take into account father's having not used his two-week vacation with the children, leaving his actual parenting time for the year at less than 45.1% (the lowest percentage of parenting time entitling father to receive the highest level of parenting-expense adjustment). *Id.* at 102. We rejected Ms. Hesse's argument and determined that "the plain language of Minn. Stat. § 518A.36, subd. 1(a), provides that parenting time, for purposes of parenting-expense adjustment, is determined by the terms of a court order scheduling parenting time." *Id.* at 103. We noted that the statute does not create a rebuttable presumption of correctness that Ms. Hesse was permitted to rebut; under the statute, the schedule dictates the parenting percentage. *Id.*

Mother argues that, in the absence of a specific schedule, the district court may make its own calculations. She relies only on an unpublished opinion of this court that does not appear to support her proposition. *Hesse* applies here. In *Hesse*, we considered actual and scheduled parenting-time calculations that yielded different adjustments to child support, and determined that the statute requires that courts rely on the scheduled parenting time. *Id.* Parenting-time expense adjustment calculations must be based on the scheduled amount of parenting time. A decision to the contrary "would encourage litigation by

12

allowing a party to return to court to argue for a parenting-expense adjustment, and consequently a recalculation of support, based solely on that party's failure to exercise scheduled parenting time." *Id.* As discussed above, the district court adjusted the details of the parenting-time arrangement in the children's best interests, but the parties agree that the modification did not alter the equal parenting time established by the decree.

We therefore conclude that the district court erred in modifying father's child-support obligation. Accordingly, we reverse the district court's child-support modification and remand for the district court's consideration of any remaining grounds for child-support modification. Because we conclude that the district court's reliance on the parties' exercise of parenting time requires reversal, we do not address father's arguments that the district court failed to find a change in circumstances or that it erred in its calculations.[4]

## D E C I S I O N

When modifying parenting time without restricting parenting-time rights, a district court need only find that modification is in the best interests of the children. Because the district court determined that modifying the parenting-time arrangement was in the children's best interests, we conclude that the district court acted within its discretion in modifying the details of the parenting-time arrangement and we affirm the modification. However, because the district court relied on father's actual exercise of parenting time rather than father's scheduled allocation of parenting time in the parenting-time expense-

---

[4] Additionally, because father failed to brief his argument concerning the denial of his motion for amended findings or new trial, treated by the district court as a requested for reconsideration, we decline to address that argument. *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982).

13

adjustment calculation, it abused its discretion when it modified child support on that basis.

Accordingly, we reverse the modification of child support and remand to the district court.

**Affirmed in part, reversed in part, and remanded.**