*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1226**

Kidane Sante Shulbe, petitioner,
Appellant,

vs.

Ashley Rose Henke,
Respondent,

St. Louis County,
Respondent.

**Filed April 6, 2026
Affirmed
Bond, Judge**

St. Louis County District Court
File Nos. 69DU-FA-12-467, 69DU-FA-12-611

Kidane Shulbe, Hastings, Minnesota (pro se appellant)

Ashley Rose Henke, Saginaw, Minnesota (pro se respondent)

Kimberly J. Maki, St. Louis County Attorney, Patricia I. Shaffer, Assistant County Attorney, Duluth, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Harris, Judge; and Bond, Judge.

**NONPRECEDENTIAL OPINION**

**BOND**, Judge

Appellant challenges the decision of a child-support magistrate (CSM) reducing his

child-support obligation, arguing that the CSM abused its discretion by not terminating his

obligation altogether. Appellant also asserts that multiple other errors entitle him to relief. We affirm.

**FACTS**

Appellant father Kidane Sante Shulbe and respondent mother Ashley Rose Henke share two minor children born in 2009 and 2011. The parties were never married. In 2012, the parties were awarded joint legal custody and joint physical custody of the children. Mother was designated as the primary placement and father was awarded parenting time. In 2017, the district court ordered father to pay $475 in monthly child support and 57% of the children's uninsured medical expenses based on its factual findings related to father's gross income as a full-time IT specialist and mother's voluntary unemployment. By 2025, biennial cost-of-living adjustments had increased father's child-support obligation to $608 per month.

In April 2025, father moved to modify his child-support obligation, requesting that his child-support obligation be fully terminated and that he receive a refund. Father stated that his full-time employment position was eliminated through no fault of his own and that he was currently working part-time. Father asserted that mother was intentionally unemployed and did not receive child support for her two nonjoint children and therefore it was unjust to impose a child-support obligation upon him.

In May, after an evidentiary hearing, the CSM granted father's request to modify his child-support obligation. The CSM found that mother and father were both voluntarily unemployed and determined that father's monthly child-support obligation should be reduced from $605 to $588 based on child-support guidelines. The CSM found that

2

father's circumstances warranted an additional downward deviation and ultimately ordered that father's monthly obligation be reduced to $450. Father filed a motion for review, asserting that it was discriminatory to enforce a child-support obligation upon him but not the fathers of mother's nonjoint children. In a July 21, 2025 order, the CSM rejected father's argument as unsupported by law or fact, denied father's motion for review, and affirmed its May order as final.

Father appeals.

**DECISION**

Father, a pro se litigant, assigns numerous errors to the CSM's order decreasing but not eliminating his child-support obligation. We begin by setting out certain principles that govern our review.

On appeal, a reviewing court does not presume error; instead, the party seeking relief must identify error and show that it was prejudicial. *Midway Ctr. Assocs. v. Midway Ctr., Inc.*, 237 N.W.2d 76, 78 (Minn. 1975); *Braith v. Fischer*, 632 N.W.2d 716, 724 (Minn. App. 2001) (applying this aspect of *Midway* in a family-law appeal), *rev. denied* (Minn. Oct. 24, 2001). While "some accommodations may be made for pro se litigants, this court has repeatedly emphasized that pro se litigants are generally held to the same standards as attorneys and must comply with court rules." *Fitzgerald v. Fitzgerald*, 629 N.W.2d 115, 119 (Minn. App. 2001).

An assignment of error based on mere assertion, unsupported by argument or authority, is forfeited and need not be considered unless prejudicial error is obvious on mere inspection. *Schoepke v. Alexander Smith & Sons Carpet Co.*, 187 N.W.2d 133, 135

(Minn. 1971); *see also State, Dep't of Lab. & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to address an inadequately briefed question); *Brodsky v. Brodsky*, 733 N.W.2d 471, 479 (Minn. App. 2007) (applying this aspect of *Wintz* in a family-law appeal). Furthermore, we generally only consider issues presented to, and considered by, the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988); *see also Lewis-Miller v. Ross*, 710 N.W.2d 565, 570 (Minn. 2006) (applying this aspect of *Thiele* in a family-law appeal). "An appellate court may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence below." *Thiele*, 425 N.W.2d at 582-83.

With these principles in mind, we turn to father's claims of error.

## I. The district court did not violate father's constitutional rights or abuse its discretion by modifying but not eliminating father's child-support obligation.

"[W]hen reviewing a child support magistrate's order in an expedited child support process proceeding, we will apply the same standard of review that we would apply to the order if it had been issued by a district court." *Brazinsky v. Brazinsky*, 610 N.W.2d 707, 710 (Minn. App. 2000). Whether to modify child support is within the broad discretion of the district court. *Shearer v. Shearer*, 891 N.W.2d 72, 77 (Minn. App. 2017); *see Haefele v. Haefele*, 837 N.W.2d 703, 708 (Minn. May 29, 2013) (stating that, generally, appellate courts "review orders modifying child support for abuse of discretion"). A district court abuses its discretion if its decision is based on a misapplication of law or is unsupported by the facts and is contrary to logic. *Shearer*, 891 N.W.2d at 77.

4

**Equal Protection**

Father argues that Minnesota's child-support guidelines are unconstitutional as applied and that, in modifying but not eliminating his child-support obligation, the CSM violated the Equal Protection Clause. The constitutionality of a statute is a legal question that we review de novo. *State v. Cox*, 798 N.W.2d 517, 519 (Minn. 2011). The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution provides that "[no state shall] deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1; *see also* Minn. Const. art. I, § 2. The threshold inquiry for an equal-protection claim is whether "the claimant is similarly situated in all relevant respects to others whom the claimant contends are being treated differently." *Schroeder v. Simon*, 985 N.W.2d 529, 549 (Minn. 2023) (quotation omitted). Minnesota courts "routinely reject[] equal-protection claims when a party cannot" make the threshold showing that they are "similarly situated to those whom they contend are being treated differently." *Cox*, 798 N.W.2d at 521.

We understand father's argument to be that he is similarly situated to the fathers of mother's nonjoint children who allegedly do not pay child support.[1] Father does not cite any relevant authority in support of his proposition. *Brodsky*, 733 N.W.2d at 479 (declining to consider inadequately briefed issue). Further, father's argument relies on information

---

[1] To the extent that father argues that mother's lack of support from the fathers of her nonjoint children proves that mother does not need child support for father's children, we have rejected this argument. *See Doll v. Barnell*, 693 N.W.2d 455, 461 (Minn. App. 2005) (holding that a parent's child-support obligation is not based solely on the actual costs of the actual needs of a child), *rev. denied* (Minn. June 14, 2005).

allegedly contained in district court files that are not part of the record on appeal. *See* Minn. R. Civ. App. P. 110.01 (providing that the record on appeal is limited to "documents filed in the trial court, the exhibits, and the transcript of the proceedings, if any"). We may not base our decision on materials outside the record on appeal and may not consider matters not produced and received into evidence in the district court. *Thiele*, 425 N.W.2d at 582-83. Because father has failed to establish that he is similarly situated to the fathers of mother's nonjoint children, his equal-protection argument fails. *See Doll*, 693 N.W.2d at 462 (holding that failing to make this threshold showing "disposes of appellants' equal protection argument").

**Voluntary Unemployment**

Father argues that the CSM abused its discretion by computing his potential income based on the erroneous finding that he is voluntarily unemployed. "Whether a parent is voluntarily unemployed is a finding of fact, which we review for clear error." *Welsh v. Welsh*, 775 N.W.2d 364, 370 (Minn. App. 2009). A district court's factual findings are clearly erroneous when they are "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *In re Civ. Commitment of Kenney*, 963 N.W.2d 214, 221 (Minn. 2021) (quotation omitted).

As a threshold matter, father has not provided this court with the transcript of the evidentiary hearing before the CSM. It is the appellant's responsibility to provide any necessary transcripts on appeal. *See* Minn. R. Civ. App. P. 110.02, subd. 1(a) (requiring the appellant to order any necessary transcripts); *Minneapolis Cmty. Dev. Agency v. Mark Lee Prods., Inc.,* 411 N.W.2d 599, 601 (Minn. App. 1987) ("The appellant bears the burden

of providing an adequate record on appeal."). "When an appellant fails to provide a transcript, the reviewing court is limited to deciding whether the [district] court's conclusions of law are supported by the findings." *Mesenbourg v. Mesenbourg*, 538 N.W.2d 489, 492 (Minn. App. 1995).

In calculating child support, a district court must rely on a parent's potential income when they are "voluntarily unemployed, underemployed, or employed on a less than full-time basis." Minn. Stat. § 518A.32, subd. 1 (2024). This is because there is a rebuttable presumption that any parent can be employed on a full-time basis. *Id.* Potential income may be determined based upon "the parent's probable earnings level based on employment potential, recent work history, and occupational qualifications in light of prevailing job opportunities and earnings levels in the community." Minn. Stat. § 518A.32, subd. 2(1) (2024).

The CSM found that, despite being involuntarily terminated from his full-time job two months earlier, father had found a new job working part-time as a transport van driver, earning $17.50 an hour. While that position was expected to end within a few weeks and father was "looking for new employment," the CSM found that father "[had] not yet submitted any [job] applications." The CSM determined that, "[b]ased upon the testimony and evidence presented, [father] is considered voluntarily unemployed and child support *must* be based upon potential income." The CSM further found that "[father] is capable of earning at least $17.50 per hour at another place of employment within his community . . . given his education, training, and experience." The CSM's determination that father is voluntarily unemployed and therefore father's child-support obligation must be based on

7

his potential income is well supported by the CSM's factual findings. *Bender*, 671 N.W.2d at 605.

Alternatively, father appears to argue that the CSM clearly erred in finding that father was both involuntarily terminated and voluntarily unemployed. The CSM found that father had been involuntarily terminated from his previous job and that he was currently employed in a temporary position that would end in approximately three weeks. The CSM also found that, based on the testimony and other evidence, father had not submitted any applications for new employment once the temporary position ended and therefore father's failure to seek future employment was voluntary. Father's argument is unavailing because, without a transcript of the evidentiary hearing, we cannot review the CSM's findings of fact and thus must assume they are correct.

Accordingly, the CSM did not abuse its discretion in modifying but not eliminating father's monthly child-support obligation.

## II. Father's remaining arguments do not entitle him to relief.

Father argues that his case must be removed from the Sixth Judicial District because of judicial bias and that his child-support and child-custody issues must be "de-consolidated." Father's appeal is from the CSM's May and July 2025 child-support orders. The register of actions reflects that father filed a motion in the district court to remove the case from the Sixth Judicial District for judicial bias and to de-consolidate the child-support and custody issues on August 5, 2025. Because these issues have not been decided by the district court and are not part of this appeal, we decline to address them. *See Thiele*, 425 N.W.2d at 582 ("A reviewing court must generally consider only those

issues that the record shows were presented and considered by the [district] court in deciding the matter before it." (quotation omitted)).

Father advances several other arguments that he claims entitle him to reversal, including that mother committed tax fraud, the county was improperly added to the case, and that mother failed to respond to his pleadings. We have carefully reviewed father's remaining claims of error and conclude that they are forfeited because they are unsupported by legal arguments or citation to legal authority, are not supported by the record, or because prejudicial error is not obvious on mere inspection. *See Wintz*, 558 N.W.2d at 480 (concluding that inadequately briefed issues need not be addressed when no prejudicial error was obvious on mere inspection); *Thiele*, 425 N.W.2d at 582 (stating that a reviewing court generally may not consider issues that were not presented to, and considered by, the district court).

**Affirmed.**